[Cite as *State v. Jones*, 2018-Ohio-2055.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 106027

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**RAFIQ M. JONES**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-610785-A

**BEFORE:** Jones, J., Kilbane, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** May 24, 2018

**ATTORNEY FOR APPELLANT**

Jonathan N. Garver
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Melissa Riley
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant Rafiq M. Jones ("Jones") appeals from the trial court's June 2017 judgment denying his motion to vacate his plea. For the reasons that follow, we affirm.

{¶2} The record demonstrates that in October 2016, Jones was charged in a six-count indictment with crimes relating to a 1996 rape. Counts 1 and 2 charged rape; Count 3 charged aggravated robbery; Count 4 charged robbery; and Counts 5 and 6 charged kidnapping. All the counts contained one- and three-year firearm specifications. With the exception of Count 3, aggravated robbery, "Jane Doe" was named as the victim; Count 3 did not name a victim.

{¶3} In April 2017, on the day the matter was set for trial, Jones pleaded guilty to Count 1, rape, amended to delete the firearm specifications, and Count 3, aggravated robbery, also

amended to delete the firearm specifications. The remaining counts and specifications were dismissed.

{¶4} That same day, immediately after the plea was taken and before the hearing was adjourned, defense counsel informed the court that Jones had "just mentioned in my ear that there is a concern." The court inquired of Jones as to what the concern was; Jones responded, the "rape charge. I didn't rape her." Defense counsel then made an oral motion to withdraw the plea. The assistant prosecuting attorney suggested that because the request was made prior to sentencing, the court should inquire about Jones's desire to withdraw his plea, and the court agreed and gave Jones an opportunity to explain.

{¶5} Jones told the court "I want to apologize to you for wasting your time and everyone's time. I have [had] a change of heart and I don't feel comfortable with that." The court responded, "[y]ou can't withdraw your plea just because you've had a change of heart. * * * You have to give me a legal reason why you are wishing to withdraw your plea."

{¶6} After consulting with his attorney, Jones told the court "I guess the legal reason would be * * * some of it I don't understand. A lot of these things I don't understand. A lot of it is not clear to me." The court asked Jones what was not clear to him, and Jones responded that he thought that he was pleading guilty to just one count—he did not know it was two counts. According to Jones, he thought he was pleading guilty to "one count of rape." The court told Jones that both the state and the court had reviewed his rights with him, and that the plea was to two counts. The court noted that Jones did not indicate during the plea colloquy that he had any questions, and he also told the court that he had not been threatened or promised anything for his plea.

{¶7} The court asked Jones if he understood what rape and aggravated robbery meant,

and he indicated he did.    After pressing Jones for his legal reason for wanting to withdraw his plea, Jones said "I don't have a legal reason myself."    The trial court denied his oral motion to withdraw his plea.

{¶8} A few days later, and prior to sentencing, Jones, by and through his initial lawyer, filed a written motion to withdraw his plea.    Jones thereafter retained a new attorney to represent him; new counsel filed a supplemental motion to withdraw the plea and requested an oral hearing.    The court denied Jones's request to withdraw without a hearing.    Thereafter, Jones, pro se, filed another motion to withdraw his plea.

{¶9} At sentencing, the trial court informed Jones, that because he was represented by counsel, it would not be considering his pro se motion to withdraw his plea.    Defense counsel asked the court to reconsider its ruling; the request was denied.    The court then sentenced Jones to concurrent ten-year terms on both counts.    Jones now raises the following four assignments of error for our review:

> I.   The trial court committed prejudicial error by not conducting a hearing on appellant's pre-sentencing motion to withdraw guilty pleas.
>
> II.    The trial court committed prejudicial error by denying appellant's pre-sentencing motion to withdraw guilty pleas.
>
> III.   Appellant's guilty pleas must be vacated because they were not made knowingly, intelligently, and voluntarily.
>
> IV.   Appellant's conviction and sentence for aggravated robbery, as charged in amended Count III of the indictment, should be vacated and set aside because Count III, in both the original indictment and the amended indictment, is defective and fails to charge an offense under Ohio law because no person was named as the alleged victim.

**The Plea and Denial of Motion to Withdraw; Hearing Requirement**

{¶10} We consider the first three assignments of error, which relate to the plea and the denial of Jones's request to vacate it, together.    We first consider the third assignment of error,

which relates to the plea itself.

{¶11}  Crim.R. 11(C)(2) requires that when a defendant pleads guilty, the trial court must personally address the defendant and (1) determine that the defendant is making the plea voluntarily with an understanding of the nature of the charges and the maximum penalty; (2) ensure the defendant understands the effect of the plea and that the court may proceed with judgment after accepting the plea; and (3) inform the defendant and ensure that the defendant understands that he or she is waiving his or her constitutional rights to a jury trial, to confront witnesses against him or her, to call witnesses in his or her favor, and to require the state to prove his or her guilt beyond a reasonable doubt at a trial where the defendant cannot be forced to testify against himself or herself.

{¶12}  A trial court must strictly comply with the Crim.R. 11(C)(2) requirements regarding the waiver of constitutional rights, which means that the court must actually inform the defendant of the constitutional rights he or she is waiving and make sure the defendant understands them.  *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18, 27.

{¶13} For nonconstitutional rights, such as the right to be informed of the maximum possible penalty, "substantial compliance" is sufficient.  *Id.* at ¶ 14, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).  "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he or she is waiving."  *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *Stewart*.  "[A] defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedures when nonconstitutional aspects of the colloquy are at issue."  *Veney* at ¶ 17.   The test for prejudice is "whether the plea would have otherwise

been made." *Nero* at *id.*

**{¶14}** Upon review, the trial court strictly complied with advising Jones of the constitutional rights he would be waiving by pleading guilty. Jones does not challenge the plea on that ground; rather, he contends that the trial court "pressured" him into entering his plea.

**{¶15}** As mentioned, the case was scheduled for trial on the day Jones pleaded guilty. The trial court told Jones that "once we begin hearing motions, I will not accept a plea to anything less than the indictment." The trial court explained, "I want to make sure that you understand what you're facing if you accept the plea and what you're facing if you are convicted. Okay. And it's really adding up the pluses and minuses, the pros and cons, the benefit, the cost of potentially being convicted or the benefit of accepting the plea agreement."

**{¶16}** Jones contends that the trial court's comments were similar to the trial court's comments in *State v. Heard*, 8th Dist. Cuyahoga No. 104952, 2017-Ohio-8310, that resulted in the defendant's plea being vacated. Upon review, *Heard* is distinguishable from this case.

**{¶17}** In *Heard*, an attempted murder case, on the date set for trial, after the matter had three times been continued, the defendant's counsel sought another continuance, telling the court that the defendant "denied responsibility and claimed his innocence to this since the time I met him." *Id.* at ¶ 4. Defense counsel further told the court that the defendant had just, shortly before they appeared in court, informed him that he (the defendant) had been "covering up for the real shooter"; the defendant informed his counsel who the "real shooter" was. *Id.* Counsel, therefore, sought a continuance to investigate the person whom his client claimed was really the shooter.

**{¶18}** The trial court denied the request, however, telling the defendant that the "new information appeared to be just a ploy to get another continuance." *Id.* at ¶ 6. The court then

told the defendant that "if we don't plead the case, we're going to trial right now." *Id.* The trial court noted that although the defendant had not authorized his attorney to seek a plea bargain, it had determined that even if the state made a plea offer, the court would reject it because "I think if you plead out to a case like this, you need to do somewhere between 13 and 15 years in the state penal institution." *Id.* at ¶ 7.

{¶19} The trial court continued, telling the defendant that if he went to trial and was convicted he would get "at least double, perhaps triple or more time, because you're going to be convicted of an additional seven counts," and the court told the defendant the sentences would be imposed consecutively. *Heard,* 8th Dist. Cuyahaoga No. 104952, at ¶ 8.

{¶20} The trial court then proposed the following plea deal to the defendant:

What I'm suggesting is that you can plead no contest to the indictment and the court will sentence you. My only promise is I won't consecutively sentence you.

If you plead no contest to the indictment, I will sentence you on a concurrent period of incarceration, but you're looking at approximately 14 years in the state penal institution, 3 for the gun and 11 years on the underlying offense, and I would run the other time concurrent.

If you take the case to trial and are convicted, you will do multiples of 14 years, because if you're convicted of these charges, that's what you deserve. You deserve to spend what could be the rest of your life in the state penal institution.

*Id.* at ¶ 9.

{¶21} The defendant asked the trial court if he would get over ten years if he pleaded guilty that day, and the court told him he would get 14 years. The defendant told the court that he wanted to go to trial, but his mother, who was in the courtroom, advised her son to "listen to what he said." *Id.* at ¶ 11. After an off-the record discussion was had, the trial court told the

defendant that it did not know what would happen to him if he went to trial, but he shared with the defendant a story about two "knuckleheads" who took their case to trial and were sentenced to 78-year prison terms, even after the trial court told them they could plead guilty and be sentenced to 15 years. *Id.* The court told the defendant he was presumed innocent and would get a fair trial, but those were "just the facts, that's the reality of the situation." *Id.*

{¶22} The trial court inquired of the defendant as to what it was he wished to do, to which the defendant responded, "I didn't do it." *Heard,* 8th Dist. Cuyahaoga No. 104952, at ¶ 13. The trial court then told him he could take the case to trial, noting that he had a "beautiful suit on, you can sit there and maybe the jury will think you're a great guy and you're not guilty." *Id.* The court told the defendant he should either enter a plea or the court was bringing the jury in, and "[i]f they walk into this room, my deal with you is off." *Id.* The defendant then agreed to plead guilty.

{¶23} This court found there was "no question that the judge's participation in the plea process could have led [the defendant] to believe he could not get a fair trial or fair sentence after trial." *Id.* at ¶ 19. Of note, was that the plea offer only came from the judge; it was not an offer by the state and the state did not participate in the process. On that record, this court found that the trial judge "more than 'actively participated' in the plea process; he created and presented the offer." *Id.* at ¶ 20.

{¶24} Here, the plea offer came from the state, not the trial court. Further, the record here demonstrates that the trial court presented the possible consequences of pleading guilty versus going to trial and being convicted, but did not persuade or pressure Jones like the trial court did to the defendant in *Heard*. As the trial court told Jones, "it's really adding up the pluses and minuses, the pros and cons, the benefit, the cost of potentially being convicted or the

benefit of accepting the plea agreement." The trial court did not coerce Jones into accepting the plea.

**{¶25}** Moreover, we are not persuaded by Jones's contention that the trial court misled him as to the maximum penalty he could face and, therefore, his plea was not knowingly, intelligently, and voluntarily made. Specifically, the trial court advised Jones that 60 years was the maximum penalty he faced if he went to trial and was convicted of all counts. Jones contends that the advisement was incorrect, however, because some of the counts would have merged at sentencing.

**{¶26}** A trial court is required to hold a hearing to determine whether merger applies before entering convictions on multiple counts. *State v. Little*, 2d Dist. Greene No. 2008-CA-76, 2009-Ohio-4328, ¶ 58.

> "When a defendant enters a guilty plea to multiple offenses of similar import and the trial court accepts the plea, the trial court must conduct a hearing before entering a judgment of conviction and make a determination as to whether there were allied offenses of similar import committed with a single animus; whether there were offenses committed separately or with a separate animus as to each offense. If the offenses are found to be allied offenses, a judgment of conviction may be entered for only one offense. If the offenses are found not to be allied offenses, a judgment of conviction may be entered for each offense."

*Id.* at ¶ 59, quoting *State v. Stephens*, 8th Dist. Cuyahoga Nos. 62554, 62555, 62556, 1993 Ohio App. LEXIS 2945, 11-12 (June 10, 1993).

**{¶27}** Thus, when a trial court advises a defendant of the possible maximum sentence at a plea hearing, it is not required to conduct a hearing on the merger issue at that time. *Little* at ¶ 60; *see also State v. Rogers*, 8th Dist. Cuyahoga Nos. 7093, 97094, 2012-Ohio-2496, ¶ 28 (explaining that "merger of offenses is a sentencing issue, not a plea issue."). Consequently, the court's advisement to Jones was not misleading; the trial court advised him of the possible

maximum sentence he faced.

**{¶28}** In light of the above, the third assignment of error is overruled.

**{¶29}** In his first and second assignments of error, Jones challenges the trial court's decision to deny his presentence motion to withdraw his plea.

**{¶30}** Under Crim.R. 32.1, a criminal defendant may move to withdraw a guilty or no contest plea before sentence is imposed. Generally, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992); *see also State v. Zimmerman*, 10th Dist. Franklin No. 09AP-866, 2010-Ohio-4087, ¶ 11.

**{¶31}** However, a defendant "does not have an absolute right to withdraw a plea prior to sentencing." *Xie* at *id.* "[T]he trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.*

**{¶32}** A trial court's decision on a presentence motion to withdraw a plea is subject to review for abuse of discretion. *Id.* at paragraph two of the syllabus; *Zimmerman* at ¶ 12. An abuse of discretion occurs where a decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). There are a number of nonexhaustive factors to consider in determining whether a trial court abused its discretion by denying a presentence motion to withdraw, including:

> "(1) whether the prosecution would be prejudiced if the plea were vacated; (2) whether the offender was represented by highly competent counsel; (3) the extent of the Crim.R. 11 hearing; (4) whether there was a full hearing on the motion to withdraw the offender's guilty plea; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was perhaps not guilty or had a complete defense to the crime."

*Zimmerman* at ¶ 13, quoting *State v. Jones*, 10th Dist. Franklin No. 09AP-700, 2010-Ohio-903, ¶ 10, citing *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995). Consideration of these factors is a balancing test, and no single factor is conclusive. *Zimmerman* at *id.*, citing *Fish* at *id.*

{¶33} Jones contends that the trial court did not afford him a hearing on his motion. We disagree.

{¶34} As mentioned, a trial court must conduct a hearing to determine whether there is a "reasonable and legitimate" basis for the guilty plea withdrawal motion. *Xie*, 62 Ohio St.3d at 527, 584 N.E.2d 715. However, "Ohio courts have previously held that a trial court inviting and hearing oral arguments on a motion to withdraw a guilty plea at the sentencing hearing, immediately before sentence is imposed, can constitute a full and fair hearing on that motion." *State v. Griffin*, 8th Dist. Cuyahoga No. 82832, 2004-Ohio-1264, ¶ 18, citing *State v. Holloman*, 2d Dist. Greene No. 2000CA82, 2001 Ohio App. LEXIS 2755 (June 22, 2001), and *State v. Mooty*, 2d Dist. Greene No. 2000 CA 72, 2001-Ohio-1464.

{¶35} The trial court here gave Jones an opportunity to explain his reasons for seeking to vacate his plea. Jones's reasons, however, did not constitute a "reasonable and legitimate" basis for withdrawal. Simply, as stated in Jones's own words, he had a "change of heart." "Ohio courts have consistently held that a change of heart is deemed insufficient to justify withdrawing a guilty plea * * *." *State v. Glass*, 10th Dist. Franklin No. 04AP-967, 2006-Ohio-229, ¶ 37. Courts have concluded as such even under the liberal standards that govern a presentence plea withdrawal motion. *See State v. Griffin*, 8th Dist. Cuyahoga No. 82832, 2004-Ohio-1246, ¶

15-16; *State v. Forest*, 2d Dist. Montgomery No. 19649, 2003-Ohio-1945, ¶19-20.[1]

**{¶36}** Further, Jones's contention that he thought he would be pleading to "just one count" — rape — is belied by the record.   The record demonstrates that the trial court went over both counts with Jones and asked him how he wished to plead as to each count.   The court gave him the opportunity to ask questions if he did not understand; Jones indicated that he understood, however.

**{¶37}** Thus, in light of the above, the trial court sufficiently inquired as to Jones's reasons for his motion to withdraw his plea, and the court did not abuse its discretion in denying the motion.   The first and second assignments of error are therefore overruled.

**No Named Victim in Aggravated Robbery Count**

**{¶38}** For his fourth assignment of error, Jones contends that his aggravated robbery conviction is defective because it does not contain a named victim and, therefore, fails to charge an offense.   We disagree.

**{¶39}** We first note that Jones failed to raise this issue at the trial court level and, therefore, has waived all but plain error review.   *See* Crim.R. 52(B).   Plain error should only be recognized with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice.   *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

**{¶40}** The purpose of an indictment is to inform the accused of the offense with which he or she is charged so that he or she may prepare for trial.   *State v. Morris*, 8 Ohio App.3d 12, 16,

---

[1]We note that Jones's second attorney did not advance any different arguments as to why Jones should be allowed to withdraw his plea than had already been advanced.   Further, because Jones was represented by counsel, the trial court properly disregarded his pro se motion.   *See State v. Washington*, 8th Dist. Cuyahoga Nos. 96565 and 96568, 2012-Ohio-1531, ¶ 11 (when a criminal defendant is represented by counsel, a trial court may not entertain a pro se motion filed by the defendant).

455 N.E.2d 1352 (8th Dist.1982). No trial, conviction, or punishment can occur unless sufficient and fair notice of the charges against him or her is provided to the accused. *Stewart v. State*, 41 Ohio App. 351, 353-354, 181 N.E. 111 (4th Dist.1932). Under the modern statutes and rules, an indictment is sufficient if it mirrors the language of the statute defining the charged offense. *See* Crim.R. 7(B). Count 3 of the indictment in this case mirrors R.C. 2911.01(A)(1), governing aggravated robbery.

**{¶41}** Further, "Ohio law does not require that a victim be named in an indictment when the identity of the victim is not an essential element of the crime." *State v. Cicerchi*, 182 Ohio App.3d 753, 2009-Ohio-2249, 915 N.E.2d 350, ¶ 35, fn. 7 (8th Dist.). The victim's name is not an essential element of aggravated robbery under R.C. 2911.01(A)(1). *See State v. Anthony*, 11th Dist. Lake No. 93-L-096, 1994 Ohio App. LEXIS 4432, 9 (Sept. 30, 1994).

**{¶42}** In light of the above, the fourth assignment of error is overruled.

**{¶43}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MARY EILEEN KILBANE, P.J., and
MELODY J. STEWART, J., CONCUR