[Cite as *Parma v. Hardimon*, 2021-Ohio-4430.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF PARMA, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 110296 |
| v. | : | |
| ROMIR JEYMONTE HARDIMON, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** December 16, 2021

Criminal Appeal from the Parma Municipal Court
Case No. 20CRB01634

*Appearances:*

Timothy G. Dobeck, Parma Law Director and Chief Prosecutor, and Jennifer M. Meyer, Assistant Law Director, *for appellee.*

Milton A. Kramer Law Clinic Center; Case Western Reserve University School of Law; Andrew S. Pollis and Joseph Shell, Supervising Attorneys; Gregory Hilbert, Paul Willison, and Alexandra L. Raleigh, Certified Legal Interns, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Romir Jeymonte Hardimon appeals his conviction for misdemeanor assault and criminal damaging in the Parma Municipal Court. Because we find that the magistrate's order accepting his plea in this matter did not conform to Crim.R. 19(D) requirements and the trial court did not hold a hearing on Hardimon's presentence motion to vacate his plea, we vacate Hardimon's convictions and remand this matter to allow Hardimon to file objections to the magistrate's decision accepting his plea and recommending sentence. We further remand this matter for the trial court to conduct a hearing on Hardimon's presentence motion to vacate his plea.

## I. Facts and Procedural History

{¶ 2} Hardimon was charged with misdemeanor assault and criminal damaging in the Parma Municipal Court. On September 23, 2020, he signed a waiver of counsel, proceeded with his case pro se, and entered a plea of guilty to the charges before a magistrate. On that same day, the magistrate issued a journal entry accepting the guilty plea and recommending a sentence. That entry was later amended on December 22, 2020. Neither the September 23, 2020, nor the amended December 22, 2020 entry signed by the magistrate contained a notice of the effect of a party's failure to file objections with the trial court.

{¶ 3} On November 10, 2020, before the trial court had adopted the magistrate's decision regarding the plea and sentence, Hardimon filed a motion to vacate his plea. On that same day, the magistrate filed a journal entry denying the

motion to vacate plea without conducting a hearing. Appellant appealed that entry. This court dismissed that appeal because the magistrate's order was not adopted by the trial court and did not become a final appealable order.

{¶ 4} On February 11, 2021, the trial court adopted the magistrate's order that contained the entry of plea and the recommended sentence. The trial court did not hold a hearing upon, adopt, or rule upon the magistrate's decision denying Hardimon's motion to vacate plea. It is from the trial court's February 11, 2021 journal entry of conviction that Hardimon appeals. After the record was filed in this court by Hardimon, we allowed the city to supplement the record with a transcript of the September 23, 2020 joint arraignment conducted by the magistrate at which the magistrate provided a general announcement advising defendants of their rights prior to Hardimon's individual appearance.

## II. Law and Argument

{¶ 5} Appellant assigns two assignments of error for our review. His first assignment of error provides:

> The trial court erred in accepting Mr. Hardimon's plea without complying with the criminal rules applicable to plea hearings.

{¶ 6} The second assignment of error provides:

> The trial court erred in implicitly denying Mr. Hardimon's presentence motion to withdraw his plea.

{¶ 7} Hardimon makes several arguments regarding the propriety of the procedures in the trial court regarding his plea, including the lack of a valid assignment of his case to the magistrate, a failure to follow Crim.R. 11 during the

plea colloquy, as well as error in the magistrate's filed entries. We find his argument that the decisions filed by the magistrate in this case failed to comply with Crim.R. 19 to be definitive of this appeal.

{¶ 8} Crim.R. 19 (D)(3)(a)(iii) provides:

A magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the decision is filed. *A magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Crim. R. 19(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Crim.R. 19(D)(3)(b).*

(Emphasis added.)

{¶ 9} The entries signed by the magistrate do not comply with Crim.R. 19(D)(3)(a)(iii) because there is no indication on the entries of the effect of failing to timely file objections.

{¶ 10} Where a magistrate's decision does not conform with Crim.R. 19(D)(3)(a)(iii), courts have employed varying remedies by examining the circumstances of each case to determine the remedy to be employed on appeal. In *State v. Wheeler*, 2016-Ohio-2964, 65 N.E.3d 182, ¶ 11-15 (2d Dist.), the court noted that where prejudice occurs because of the failure to conform to Crim.R. 19(D)(3)(a)(iii), courts either remand the matter to allow objections to be filed or allow an appellant to raise issues for the first time on appeal. In *Wheeler*, the court elected to address the claimed errors on appeal. *Id.* However, in a later

case, the same appellate court reversed a judgment of the lower court and remanded the matter to allow for the filing of objections to the deficient magistrate's decision. *Gerken v. Barber*, 2d Dist. Clark No. 2018-CA-65, 2019-Ohio-641.

{¶ 11} In this case, Hardimon acted pro se at the time of his plea. He was not informed that the failure to object to the magistrate's decision would forfeit all but plain error on appeal. Further, we note that Hardimon's counsel first appeared in this matter after the time for the filing of objections to the plea entry expired. Hardimon could not file objections to the plea procedures and was left only with the ability to file a motion to vacate plea pursuant to Crim.R. 32.1 to challenge the magistrate's decision. Under these circumstances, we elect to vacate the conviction issued in this case and remand the matter to allow Hardimon an opportunity to file objections to the magistrate's decision accepting his plea and recommending sentence.

{¶ 12} As to Hardimon's second assignment of error, his motion to vacate plea was a presentence motion because the trial court had not adopted or ratified the magistrate's decision accepting the plea and recommending sentence. The motion was denied without a hearing being held. When a presentence motion to withdraw plea has been filed, "'the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.'" *State v. Jones*, 2018-Ohio-2055, 110 N.E.3d 1049, ¶ 13 (8th Dist.), quoting *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). In this case, because no hearing was held on the presentence motion to vacate plea either before the magistrate or

the trial court, we sustain appellant's second assignment of error and remand the matter for the trial court to conduct a hearing on Hardimon's motion to vacate plea.

## III. Conclusion

{¶ 13} The magistrate's order accepting Hardimon's plea and recommending sentence did not conform to Crim.R. 19(D) because it did not contain notice of the consequences of failing to file a timely objection. Further, after Hardimon filed a presentence motion to vacate his plea, the trial court did not hold a hearing on the motion as required by law. Hardimon's convictions for misdemeanor assault and criminal damaging in the Parma Municipal Court are vacated. We remand this matter to allow Hardimon to file objections to the magistrate's decision accepting his plea and recommending sentence. We further remand this matter for the trial court to conduct a hearing on Hardimon's presentence motion to vacate his plea.

{¶ 14} Judgment vacated and remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

MARY J. BOYLE, A.J., and
EILEEN T. GALLAGHER, J., CONCUR