[Cite as *State v. McMahon*, 2023-Ohio-4532.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, CITY OF         :
BROOKLYN,

        Plaintiff-Appellee,       :

                                 No. 112426

        v.                       :

DONALD MCMAHON,          :

        Defendant-Appellant.   :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** December 14, 2023

Criminal Appeal from the Parma Municipal Court
Case No. CR-20-CRB01356

### *Appearances:*

Thrasher Dinsmore & Dolan, LPA, Samuel T. O'Leary, and
S. Drew Gittins, *for appellee.*

Robert O. Donegan, Jr., *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant Donald McMahan[1] ("McMahan") appeals his conviction for building code violations in the city of Brooklyn, Ohio (the "City"). For the following reasons, we vacate and remand for further proceedings.

**Factual and Procedural History**

{¶ 2} On February 18, 2020, the building department for the City issued citations against McMahan alleging that on January 30, 2020, he violated Brooklyn Codified Ordinances ("BCO") sections 1361.01, a misdemeanor of the first degree, and 1129.02(l), an unclassified misdemeanor punishable by a fine.[2] These ordinances are in the City's zoning code and require business owners to obtain a certificate of occupancy and to park vehicles on approved surfaces as defined in the code. Notably, although the citation clearly alleges a violation of BCO 1129.02(l), the court file listed the charge as a violation of BCO 1129.02(c).

{¶ 3} On January 21, 2021, McMahan, through counsel, filed a jury demand with the trial court. The trial commenced before a magistrate on July 2, 2021. Prior to the start of testimony, the magistrate addressed McMahan's jury demand. The magistrate informed the parties that all of the charges were minor misdemeanors or unclassified misdemeanors. The City prosecutor, when asked, informed the court

---

[1] Appellant notes that the correct spelling of his name is McMahan, not McMahon as in the case caption.

[2] Citations were also issued to Filberto Pavon, the tenant at the property, and DMack Realty LLC, the titled owner of the property. Neither is a party to this appeal. McMahan was issued a citation because, in initial conversations with the City, he identified himself as the owner.

that no jail term applied and that a jury would not be proper. Based on that representation, the case proceeded to trial before the magistrate. McMahan did not object.

{¶ 4} James Maciaszek, the City's assistant building commissioner, conducted inspections and also routinely toured the City as part of his duties. In approximately 2018, during one of his tours, Maciaszek noticed that a car repair shop had opened at 7332 Associate Avenue. Prior to that, Maciaszek believed the location was used to store restaurant equipment. He then searched the records to determine whether there was an existing or new certificate application for the address. Maciaszek was unable to find an application or certificate. Maciaszek discussed the case with the building commissioner, Dave Kulcsar. They agreed to reach out to the owner and tenant to discuss the issue. The owner of the property was DMack Realty LLC ("DMack"), a company owned by McMahan and his wife. The tenant was Express Auto, run by Filberto Pavon ("Pavon").

{¶ 5} Subsequently, an application for a certificate of occupancy was filed for the property. The City conducted inspections and made some suggestions on the submitted plans. At some point, McMahan purchased an adjacent parcel to the property and began storing a large number of cars on the lot. Witnesses testified they observed between 30 to 50 cars on the lot on separate occasions. McMahan had not submitted a certificate of occupancy application for the additional property. Ultimately, McMahan completed the certificate of occupancy requirements for the

car repair business but did not apply for or receive a certificate for the adjacent lot. He received a conditional use permit as a result of partial completion.

{¶ 6} Through testimony and argument, McMahan alleged that he was a victim of selective prosecution and, alternatively, that his conduct complied with the code. He did not dispute the testimony that the vehicles on the adjacent lot were parked on gravel. He sought, instead, to compare his lot to the surrounding business owners and the condition of their lots.

{¶ 7} The magistrate took the case under advisement. On August 23, 2021, the magistrate found McMahan guilty of violating BCO 1361.01 and 1129.02(c) rather than BCO 1129.02(l) and sentenced him to a fine of $125 on each count plus court costs. The journal entry did not include findings of fact or conclusions of law nor did McMahan request findings of fact and conclusions of law. Rather, McMahan filed a notice of appeal approximately a week later. Due to several issues, the appeal and a subsequent appeal were dismissed.[3] The appeal was finally perfected in February 2023. McMahon presents the following assignments of error for our review:

### Assignment of Error No. 1

The trial court erred in entering convictions for violations of Brooklyn Codified Ordinance 1129.02(c) and 1361.01 for failure to maintain required certificate of occupancy and having the required amount of off-street parking spaces. These convictions were not supported by sufficient evidence.

---

[3] Both codefendants were also found guilty and appealed their cases. However, after an initial dismissal of their appeals for lack of a final appealable order, they did not file further appeals.

## Assignment of Error No. 2

The trial court erred in finding the appellant in violation of BCO 1129.02(c) because the evidence failed to meet the "manifest weight" standard established in *State v. Jackson*, 2003-Ohio-5863 and therefore the ruling should be reversed. The wrong code section was cited as well and the standard in BCO 1129.02(c) was referred to was actually BCO 1129.02(l).

## Assignment of Error No. 3

Appellant was found in violation of BCO 1129.02(c) and per the Parma Municipal Court docket also in violation of BCO 1361.01. BCO 1361.01 is considered a misdemeanor in the first degree. Per ORC 2929.24 a first-degree misdemeanor carries the sentencing potential for up to 180 days in jail. Under BCO 1361.99 a person in violation of BCO 1361.01 shall be deemed guilty of a misdemeanor of the first degree. Such person shall be deemed guilty of a separate offense for each and every day and portions thereof during, which any violations of this chapter is committed. Therefore, the appellant's rights to a jury trial under the 6th Amendment of the United States Constitution and Due Process rights were violated and therefore, the case should be at a minimum reversed and remanded for a new trial with a proper jury.

## Law and Analysis

## Standard of Review

*Magistrate's Decision*

{¶ 8} Preliminarily, we review the proper procedure when a case is heard by a magistrate. Once a magistrate issues his or her decision, any party may request findings of fact and conclusions of law and may object to the magistrate's decision. *Strongsville v. Henry*, 8th Dist. Cuyahoga No. 111913, 2023-Ohio-1891, ¶ 32; Crim.R. 19(D)(3)(a) and (b). Objections must be filed within 14 days of the filing of the decision. *Id.*, Crim.R. 19(D)(3)(b)(i). The magistrate's decision is not effective unless and until it is adopted by the trial court. *Id.* at ¶ 35; Crim.R. 19(D)(4)(a).

{¶ 9} In the instant case, McMahan filed his notice of appeal before the trial court adopted the decision of the magistrate. As a result, McMahan did not request findings of fact and conclusions of law nor did he file objections to the magistrate's decision. This court dismissed the appeal for lack of a final appealable order. After the dismissal of his appeal, McMahan still did not file objections to the decision of the magistrate. The trial court ultimately filed an appropriate entry that adopted the decision of the magistrate and sentenced McMahan.

{¶ 10} Ordinarily, a failure to object to the decision of the magistrate would limit our review to plain error. *Id.* at ¶ 36; Crim.R. 19(D)(3)(b)(iv). However, in the instant case, the magistrate's decision did not comport with Crim.R. 19(D)(3)(a)(iii). The magistrate was required to conspicuously note in the decision that "a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion; * * *, unless the party timely and specifically objects to that factual finding or legal conclusion."

{¶ 11} McMahan has not challenged the trial court's adoption of the magistrate's decision. Procedurally, McMahan's failure to object to the decision of the magistrate and his failure to challenge the trial court's decision would leave this court with little to review. *Strongsville* at ¶ 39 (appellate court reviews the trial court's decision and not the magistrate's decision). However, where a magistrate's decision fails to comply with Crim.R. 19(D)(3)(a)(iii), "courts have employed varying remedies by examining the circumstances of each case to determine the remedy to be employed on appeal." *Parma v. Hardimon*, 8th Dist. Cuyahoga No. 110296,

2021-Ohio-4430, ¶ 10. When prejudice ensues as a result of the failure to comply with Crim.R. 19(D)(3)(a)(iii), appellate courts have either (1) remanded the case to the trial court so a party may file objections to the decision of the magistrate or (2) allow the appellant to raise his challenges to the magistrate's decision in the court of appeals. *Strongsville* at ¶ 40, citing *Parma* at ¶ 10-11. Courts have found that a defendant's failure to timely object to the decision of the magistrate constitutes such prejudice. *See Parma* at *id.*

{¶ 12} Given the posture of this case, we believe the most prudent action would be to vacate McMahan's convictions and remand to the trial court. In accord with this court's ruling in *Strongsville*, which dealt with similar issues, on remand, the magistrate should prepare a decision that complies with Crim.R. 19(D)(3)(a)(iii), giving the parties an opportunity to file objections as they see fit. *See Strongsville* at ¶ 41.

{¶ 13} Judgment vacated, and case remanded for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

EILEEN T. GALLAGHER, P.J., and
MICHAEL JOHN RYAN, J., CONCUR