[Cite as *State v. Lundeen*, 2026-Ohio-1925.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

JAMES E. LUNDEEN,

    DEFENDANT-APPELLANT.

CASE NO. 3-25-21

OPINION AND
JUDGMENT ENTRY

Appeal from Crawford County Municipal Court
Trial Court No. 25TRD0563

Judgment Affirmed

Date of Decision: May 26, 2026

APPEARANCES:

    *James E. Lundeen*, Appellant

    *Thomas Meagher V* for Appellee

**WALDICK, J.**

{¶1} Defendant-appellant, James Lundeen ("Lundeen"), appeals the judgment of conviction and sentence entered against him in the Crawford County Municipal Court, following a bench trial in which Lundeen was found guilty of Operating a Motor Vehicle While Using an Electronic Wireless Communication Device in violation of R.C. 4511.204. For the reasons set forth below, we affirm.

*Factual Background and Procedural History*

{¶2} The evidence presented at trial reflected that in the afternoon hours of February 25, 2025, Trooper Barry Miller of the Ohio State Highway Patrol was patrolling on U.S. Route 30 in Crawford County, Ohio. Miller, who had been employed with the Ohio State Highway Patrol for nearly 13 years, was wearing the uniform of the day and driving a marked cruiser. At approximately 1:15 p.m. on that date, Miller was sitting stationary in his cruiser in a turn lane, waiting to turn off of Route 30 onto Knauss Road. From that location, Miller observed Lundeen driving westbound on Route 30. As Lundeen's vehicle drove by the trooper, Miller observed that Lundeen was holding a cell phone in his hands up by the steering wheel. After making that observation, Miller pulled back onto Route 30 and performed a traffic stop of Lundeen's vehicle. After Lundeen pulled over, Miller approached and informed Lundeen why he had been stopped. Miller told Lundeen that, under Ohio law, he cannot hold his phone like that while driving. In response,

Lundeen stated that he was holding the phone in order to use the GPS feature of the device. Trooper Miller then issued Lundeen a citation for the prohibited use of an electronic device while driving, an unclassified misdemeanor in violation of R.C. 4511.204.

{¶3} On February 26, 2025, the citation was filed in the Crawford County Municipal Court. On March 11, 2025, Lundeen filed a written plea of not guilty. The trial court then issued a scheduling order setting pretrials for May 5, 2025 and June 23, 2025, and setting a trial date of July 11, 2025.

{¶4} On July 10, 2025, the day before trial, Lundeen filed a motion to dismiss the charge on the basis that R.C. 4511.204 is unconstitutional, raising two different arguments in support of that claim. First, the motion asserted that R.C. 4511.204 violates the Equal Protection and Due Process guarantees of the Constitutions of the United States and Ohio, in that selective enforcement of the statute occurs due to some drivers having illegally dark tint on their vehicles' windows, resulting in law enforcement officers being unable to observe violations of R.C. 4511.204 with regard to persons driving such darkly-tinted vehicles. The motion to dismiss also asserted that R.C. 4511.204 is void for vagueness because the statute had been amended over time with regard to permitted or prohibited GPS use while driving.

{¶5} On July 11, 2025, a bench trial to a magistrate was scheduled to be held in the case. Prior to commencing the trial proceedings on that date, the magistrate noted on the record that Lundeen had filed the motion to dismiss one day earlier.

The magistrate overruled the motion from the bench, finding that the motion had been filed out of rule in an untimely manner, and further finding that the motion lacked merit.

{¶6} A bench trial was then held. Trooper Miller testified for the State of Ohio, and the prosecution also introduced audio-video footage from the recording made by Miller's body camera during the traffic stop. After the State of Ohio rested its case, Lundeen moved for acquittal pursuant to Crim.R. 29, and that motion was overruled. Lundeen opted to present no witnesses, but admitted one exhibit, being a flash-drive containing video footage from a front-facing camera mounted on Miller's cruiser.

{¶7} Following closing arguments by counsel, the magistrate reviewed the video footage that had been admitted into evidence, and then found Lundeen guilty of violating R.C. 4511.204. The magistrate imposed a $25.00 fine and ordered that Lundeen pay court costs. Later that same date, the magistrate filed a judgment entry reflecting the court's verdict and sentence. Following that, also on July 11, 2025, the trial court judge issued a judgment entry approving and adopting the magistrate's decision as the order of the trial court.

{¶8} On August 11, 2025, Lundeen filed the instant appeal.

*Assignments of Error on Appeal*

### First Assignment of Error

**The trial Court erred when it DENIED Lundeen's Motion To Dismiss which was based on EQUAL PROTECTION of selective enforcement and DUE PROCESS violations failing to make it clear to the motor vehicle operator of the scope of the statute from its title or caption.**

### Second Assignment of Error

**The trial Court erred when it found Lundeen GUILTY of violating an Ohio statute which denominated Driving While Texting in the absence of any evidence of driving while texting.**

*Preliminary Issue: Failure to Object to Magistrate's Decision*

{¶9} As an initial matter, we note – as asserted by the State of Ohio on appeal – that Lundeen failed to file objections to the magistrate's July 11, 2025 decision. Pursuant to Crim.R. 19, a defendant's failure to object to a magistrate's decision ordinarily waives all but a claim of plain error on appeal. Crim.R. 19(D)(3)(b)(iv). *See, also, City of Marion v. Cendol*, 2013-Ohio-3197, ¶ 6 (3d Dist.).

{¶10} However, in the instant case, the magistrate's decision did not comport with the requirements of Crim.R. 19(D)(3)(a)(iii), which provides:

> A magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the decision is filed. A magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Crim.R. 19(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Crim.R. 19(D)(3)(b).

**{¶11}** In this case, Lundeen asserts that he was not served with a copy of the magistrate's decision and there is, in fact, no indication in the record that the magistrate's decision was served by the clerk on all parties or their attorneys no later than three days after that decision was filed. Additionally, the magistrate's decision does not contain any of the required language that explains the consequences on appeal of a party's failure to timely and specifically object to the magistrate's decision.

**{¶12}** Where a magistrate's decision fails to conform with Crim.R. 19(D)(3)(a)(iii), appellate courts have employed varying remedies. *State v. McMahon*, 2023-Ohio-4532, ¶ 11 (8th Dist.), citing *City of Parma v. Hardimon*, 2021-Ohio-4430, ¶ 10 (8th Dist.). In *State v. Wheeler*, 2016-Ohio-2964 (2d Dist.), the court of appeals noted that where prejudice occurs because of the failure to conform to Crim.R. 19(D)(3)(a)(iii), appellate courts either remand the matter to allow objections to be filed or, alternatively, allow an appellant to raise issues for the first time on appeal. *Id.*, ¶¶ 10-13.

**{¶13}** In the case before us, in lieu of remanding the matter to the trial court so that the magistrate can prepare and file a decision that comports with the requirements of Crim.R. 19 in order to then permit the parties the opportunity to file objections, we elect to address the claimed errors on appeal.

*Analysis of Assignments of Error*

*First Assignment of Error*

**{¶14}** In the first assignment of error, Lundeen asserts that the trial court erred in overruling the motion to dismiss filed by Lundeen prior to trial, in which he challenged the constitutionality of R.C. 4511.204.

**{¶15}** The version of R.C. 4511.204 applicable to this case provides, in relevant part:

> (A) No person shall operate a motor vehicle * * * on any street, highway, or property open to the public for vehicular traffic while using, holding, or physically supporting with any part of the person's body an electronic wireless communications device.
>
> (B) Division (A) of this section does not apply to any of the following:
>
> (1) A person using an electronic wireless communications device to make contact, for emergency purposes, with a law enforcement agency, hospital or health care provider, fire department, or other similar emergency agency or entity;
>
> (2) A person driving a public safety vehicle while using an electronic wireless communications device in the course of the person's duties;
>
> (3) A person using an electronic wireless communications device when the person's motor vehicle is in a stationary position and is outside a lane of travel, at a traffic control signal that is currently directing traffic to stop, or parked on a road or highway due to an emergency or road closure;
>
> (4) A person using and holding an electronic wireless communications device directly near the person's ear for the purpose of making, receiving, or conducting a telephone call, provided that the person does not manually enter letters, numbers, or symbols into the device;

(5) A person receiving wireless messages on an electronic wireless communications device regarding the operation or navigation of a motor vehicle; safety-related information, including emergency, traffic, or weather alerts; or data used primarily by the motor vehicle, provided that the person does not hold or support the device with any part of the person's body;

(6) A person using the speaker phone function of the electronic wireless communications device, provided that the person does not hold or support the device with any part of the person's body;

(7) A person using an electronic wireless communications device for navigation purposes, provided that the person does not do either of the following during the use:

(a) Manually enter letters, numbers, or symbols into the device;

(b) Hold or support the device with any part of the person's body.

(8) A person using a feature or function of the electronic wireless communications device with a single touch or single swipe, provided that the person does not do either of the following during the use:

(a) Manually enter letters, numbers, or symbols into the device;

(b) Hold or support the device with any part of the person's body.

(9) A person operating a commercial truck while using a mobile data terminal that transmits and receives data;

(10) A person operating a utility service vehicle or a vehicle for or on behalf of a utility, if the person is acting in response to an emergency, power outage, or circumstance that affects the health or safety of individuals;

(11) A person using an electronic wireless communications device in conjunction with a voice-operated or hands-free feature or function of the vehicle or of the device without the use of either hand except to activate, deactivate, or initiate the feature or function with a single touch or swipe, provided the person does not hold or support the device with any part of the person's body;

(12) A person using technology that physically or electronically integrates the device into the motor vehicle, provided that the person does not do either of the following during the use:

(a) Manually enter letters, numbers, or symbols into the device;

(b) Hold or support the device with any part of the person's body.

(13) A person storing an electronic wireless communications device in a holster, harness, or article of clothing on the person's body.

* * *

(D) Whoever violates division (A) of this section is guilty of operating a motor vehicle while using an electronic wireless communication device, an unclassified misdemeanor, and shall be punished as provided in divisions (D)(1) to (5) of this section.

* * *

(G)(1) A law enforcement officer does not have probable cause and shall not stop the operator of a motor vehicle for purposes of enforcing this section unless the officer visually observes the operator using, holding, or physically supporting with any part of the person's body the electronic wireless communications device.

(H) As used in this section:

(1) "Electronic wireless communications device" includes any of the following:

(a) A wireless telephone;

(b) A text-messaging device;

(c) A personal digital assistant;

(d) A computer, including a laptop computer and a computer tablet;

(e) Any device capable of displaying a video, movie, broadcast television image, or visual image;

(f) Any other substantially similar wireless device that is designed or used to communicate text, initiate or receive communication, or exchange information or data.

An "electronic wireless communications device" does not include a two-way radio transmitter or receiver used by a person who is licensed by the federal communications commission to participate in the amateur radio service.

(2) "Voice-operated or hands-free feature or function" means a feature or function that allows a person to use an electronic wireless communications device without the use of either hand, except to activate, deactivate, or initiate the feature or function with a single touch or single swipe.

{¶16} With regard to the first claim of unconstitutionality raised here, Lundeen asserts – as he did in the trial court – that selective enforcement of R.C. 4511.204 occurs because some drivers have illegally dark tint on their vehicles' windows, which results in law enforcement officers being unable to observe violations of R.C. 4511.204 with regard to persons driving such vehicles.[1]

{¶17} The selective enforcement of a law violates the Equal Protection Clause when it is "applied and administered by public authority with an evil eye and unequal hand, so as to practically make unjust and illegal discriminations between persons in similar circumstances." *Yick Wo v. Hopkins*, 118 U.S. 356, 374 (1886).

---

[1] R.C. 4513.241 governs the use of tinted glass and other vision-obscuring materials in motor vehicles. "When read together, R.C. 4513.241 and Adm.Code 4501-43-03 provide that tinted windows preventing a person from seeing into the vehicle are prohibited, subject to the standards in the Ohio Administrative Code." *State v. Fleckinger*, 2024-Ohio-5659, ¶ 13 (1st Dist.). "The administrative code then sets out the specific light transmittance standards for each window. *Id*.

-10-

However, the conscious exercise of some selectivity in enforcement is not, in itself, a violation of the Constitution. *State v. Flynt*, 63 Ohio St.2d 132, 134 (1980), citing *Oyler v. Boles*, 368 U.S. 448, 456 (1962). Rather, selectivity in the enforcement of a law must be "intentional or purposeful" in order for selective enforcement to constitute unconstitutional discrimination. *Flynt*, at 134.

{¶18} Specifically, in order to prove a selective enforcement claim, a defendant bears a heavy burden, at least *prima facie*, and must establish: "(1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights." *Id*.

{¶19} In the instant case, Lundeen merely asserts that there are other individuals who may be eluding prosecution for violating R.C. 4511.204 due to having darkly tinted windows on their vehicles. Lundeen does not allege that R.C. 4511.204 was enforced against him, but not others, based on race, religion, or a desire to prevent the exercise of his constitutional rights. With no allegation of selective enforcement of an unconstitutional nature made in support of his claim, Lundeen's equal protection and due process argument lacks merit.

{¶20} In the first assignment of error, Lundeen also argues that R.C. 4511.204 is void for vagueness, making two different arguments in support of that claim of unconstitutionality.

{¶21} "It is well established that all legislative enactments must be afforded a strong presumption of constitutionality." *State v. Collier*, 62 Ohio St.3d 267, 269 (1991). Therefore, if at all possible, we must construe a statute claimed to be void for vagueness in such a manner as to uphold its constitutionality. *State v. Dorso*, 4 Ohio St.3d 60, 61 (1983).

{¶22} "'[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'" *State v. Hacker*, 2023-Ohio-2535, ¶ 30, quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). "Thus, the adequacy of notice is evaluated from two perspectives: whether a person subject to the law can understand what is prohibited and whether those prohibitions are clear enough to prevent arbitrary enforcement." *Id.* To prevail, "the challenging party must show that the statute is vague 'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.'" *State v. Anderso*n, 57 Ohio St.3d 168, 171 (1991), quoting *Coates v. Cincinnati*, 402 U.S. 611, 614 (1971).

{¶23} In the instant case, Lundeen first argues, as he did in the trial court, that because he was holding his phone to use the device's GPS feature while he was driving, as opposed to texting on the phone at the time, and because R.C. 4511.204 has been amended over time with regard to permitted or prohibited GPS use while driving, the statute is void for vagueness. Lundeen argues that "[o]ne should not have to repeatedly read Ohio statutes to determine if issues not obvious from the title are included or modified not reflected in the caption of the statute." (Defendant-Appellant's Brief, p. 1). In support of that claim, Lundeen further asserts that the "title" of the statute at issue, R.C. 4511.204, is "Driving While Texting", not "Holding An Electronic Device While Driving." (*Id*.).

{¶24} With regard to that overall claim, we note as a preliminary matter that Lundeen's argument in no way relates to the specificity, or lack thereof, of the statutory language itself, which is the focus of an actual void-for-vagueness claim. Nevertheless, having considered Lundeen's claim for any sort of merit, we find none. Regardless of how the statute may be captioned, the traffic offense defined by R.C. 4511.204 is actually termed "operating a motor vehicle while using an electronic wireless communication device". R.C. 4511.204(D). Moreover, the fact that the specific prohibitions contained in the statute may not be apparent from its title or name, and/or the fact that the statute may have been amended over time, do not render the statute void for vagueness pursuant to the legal standards set forth above. It has long been established that "[e]veryone is presumed to know the law

-13-

and 'ignorance of the law excuseth no man.'" *In re Smith*, 162 Ohio St. 58, 59 (1954).

{¶25} Lundeen also argues on appeal that R.C. 4511.204 is void for vagueness "as it is inconsistent with the main issue of 'holding' a cell phone or other electronic device," that "[s]ection (B)(4) of said statute explicitly states that the use of a cell phone while driving is permitted with a cell phone that is held near the ear," and that "[n]ear is not defined." (Defendant-Appellant's Brief, p. 6).

{¶26} This particular argument focuses, somewhat loosely, on the language found in R.C. 4511.204(B)(4), which sets forth one of a number of different affirmative defenses to the offense that are contained in division (B) of the statute. *See State v. Havens*, 2024-Ohio-2204 (5th Dist.). Specifically, R.C. 4511.204(B)(4) provides that "[d]ivision (A) of this section does not apply to * * * "[a] person using and holding an electronic wireless communications device directly near the person's ear for the purpose of making, receiving, or conducting a telephone call, provided that the person does not manually enter letters, numbers, or symbols into the device[.]"

{¶27} However, this argument was not raised by Lundeen in the trial court in support of his void-for-vagueness claim, nor did Lundeen assert at trial – much less present evidence in support of – an affirmative defense pursuant to R.C. 4511.204(B)(4).

**{¶28}** As the Supreme Court of Ohio stated in *State v. Awan*, 22 Ohio St.3d 120 (1986), "the question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court." *Id.*, at 122. "Although an appellate court does have discretion to review a claim that was not raised at the trial level, 'that discretion is ordinarily not exercised where the right to be vindicated was in existence prior to or at the time of trial.'" *State v. Brown*, 1999 Ohio App. LEXIS 3284, * 3 (3d Dist.), quoting *State v. Messer*, 107 Ohio App. 3d 51, 58 (9th Dist. 1995), citing *Awan*, *supra*, at 123. The Supreme Court of Ohio has indicated that "a forfeited constitutional challenge to a statute is subject to review 'where the rights and interests involved may warrant it.'" *State v. Quarterman*, 2014-Ohio-4034, ¶ 16, quoting *In re M.D.*, 38 Ohio St.3d 149, syllabus (1988).

**{¶29}** As Lundeen failed to raise this particular constitutional argument in the trial court, he has forfeited the right to make the argument on appeal and, because the claim relates to a subsection of R.C. 4511.204 not implicated or otherwise at issue in this case, we decline to exercise our discretion to address Lundeen's second void-for-vagueness claim on appeal.

**{¶30}** The first assignment of error is overruled.

*Second Assignment of Error*

**{¶31}** Lundeen's merit brief, under the heading of "Assignments of Error Presented for Review", sets forth a second assignment of error, in which he asserts

that "[t]he trial Court erred when it found Lundeen GUILTY of violating an Ohio statute which denominated Driving While Texting in the absence of any evidence of driving while texting." (Defendant-Appellant's Brief, p. 1). However, the body of Lundeen's merit brief does not contain any argument with respect to that assignment of error, nor does he cite any legal authority in support of the general proposition asserted in that assignment of error.

{¶32} Pursuant to App.R. 16(A)(7), an appellant must present his or her contentions with respect to each assignment of error presented for review and the reasons in support of those contentions, including citations to legal authorities. Pursuant to App.R. 12(A)(2), we may disregard an assignment of error "if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment of error separately in the brief, as required under App.R. 16(A)."

{¶33} Put another way, "[i]t is well-settled that the 'defendant has the burden of affirmatively demonstrating the error of the trial court on appeal.'" *State v. Giles*, 2025-Ohio-5465, ¶ 23 (3d Dist.), quoting *State v. Stelzer*, 2006-Ohio-6912, ¶ 7 (9th Dist.). "'If an argument exists that can support this assignment of error, it is not this court's duty to root it out.'" *Id*.

{¶34} The second assignment of error is therefore overruled.

*Conclusion*

**{¶35}** Having found no error prejudicial to the defendant-appellant, James Lundeen, in the particulars assigned and argued, the judgment of conviction and sentence entered in the Crawford County Municipal Court is affirmed.

***Judgment affirmed***

**ZIMMERMAN, P.J., concurs.**

**MILLER, J., dissenting**

**{¶36}** On February 25, 2025, defendant-appellant, James Lundeen ("Lundeen") was cited by Trooper Miller of the Ohio State Highway Patrol for Operating a Motor Vehicle While Using an Electronic Wireless Communication Device in violation of R.C. 4511.204, an unclassified misdemeanor offense. The citation was filed the next day in the Crawford County Municipal Court.

**{¶37}** Lundeen filed a written not guilty plea and the matter was scheduled for several pretrial conferences and a trial to take place on July 11, 2025. The day prior to trial, Lundeen filed a motion to dismiss the charge contending that R.C. 4511.204 violated the Equal Protection and Due Process guarantees of both the United States and Ohio Constitutions. Additionally, he alleged the statute was void for vagueness.

**{¶38}** Prior to commencing the trial, the magistrate addressed the motion to dismiss. Finding that the motion was filed untimely and lacked merit, the magistrate

-17-

overruled the motion and proceeded to hear the evidence and arguments at trial. The magistrate found Lundeen guilty and imposed a $25.00 fine along with the court costs. Lundeen paid the fines and court costs in full that same day.

{¶39} On August 11, 2025 Lundeen filed the instant appeal.

{¶40} Lundeen filed his appellate brief raising the assignments of error addressed by the majority opinion. Thereafter the State filed its brief. On February 3, 2026, this Court filed an order directing the parties to provide supplemental briefing concerning the following issue: "Is the appeal moot, as the record appears to reflect that the fine and court costs imposed by the trial court have been paid?" Lundeen responded by contending the trial court's decision convicting him of the offense was a void order to which the doctrine of mootness did not apply. Notably, Lundeen did not claim the fines and court costs were unpaid, that the trial court imposed any type of additional penalty or that he suffered a collateral consequence as a result of the conviction.[2] In contrast, the State's supplemental brief confirmed the fine and court costs were paid in full. The State did not identify any additional sanctions by the trial court and advised there were no collateral consequences arising from the conviction. The State asserted the appeal is moot and should be dismissed.

---

[2] Lundeen did baldly assert without any supporting authority: "Vacatur of a void criminal Journal Entry of an Order of conviction is meaningful to the defendant's reputation and credibility."

**{¶41}** "The doctrine of mootness is rooted both in the 'case' or 'controversy' language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint." *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791 (10th Dist.1991). "While Ohio has no constitutional counterpart to Section 2, Article III, the courts of Ohio have long recognized that a court cannot entertain jurisdiction over a moot question." *Id.*

**{¶42}** "At common law, courts considered appeals in criminal cases to be moot if the appellant had completed the sentence prior to a ruling on the appeal on the basis that if a sentence had been served, a favorable judgment could not 'operate to undo what has been done or to restore to petitioner the penalty of the term of imprisonment which he has served.'" *City of Cleveland Hts. v. Lewis*, 2011-Ohio-2673, ¶ 17, quoting *St. Pierre v. United States*, 319 U.S. 41, 42-43 (1943). In accordance with this principle, the Ohio Supreme Court has held that an appeal is moot when a defendant convicted of a criminal offense (1) "has voluntarily paid the fine or completed the sentence for that offense" and (2) "no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." *State v. Wilson*, 41 Ohio St.2d 236 (1975), syllabus.

**{¶43}** An issue is moot where it presents no actual genuine, live controversy. When Lundeen paid his fine and court costs the case came to a definite conclusion. Neither party has offered any evidence that Lundeen suffers any meaningful

collateral consequence. Consequently, the appeal is moot and this Court has no jurisdiction to consider the assignments of error presented by Lundeen. "Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions.'" (Cleaned up.) *State v. Baldwin*, 2023-Ohio-3265, ¶ 25 (5th Dist.), quoting *State v. Battigaglia*, 2021-Ohio-2758, ¶ 11 (5th Dist.).

{¶44} Although the majority opinion cogently addresses each assignment of error presented by Lundeen, I find the matter to be moot, as there is no longer a case or controversy, and decline to join in the issuance of what can only be considered to be an advisory opinion. Because I would dismiss the appeal when the majority does not, I respectfully dissent.

Case No. 3-25-21

# __JUDGMENT ENTRY__

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.  The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  See App.R. 30.

 

Juergen A. Waldick, Judge

 

William R. Zimmerman, Judge

DISSENTS
Mark C. Miller, Judge

DATED:
/jlm

-21-