OPINION
{¶ 1} Defendant, Brian A. Daniel, appeals from a judgment and final decree of divorce terminating his marriage to Plaintiff, Kelly A. Daniel.
 {¶ 2} Brian[1] and Kelly were married on May 22, 1999, Kelly filed a complaint for divorce on November 19, 2003. The matter was referred to a magistrate, who following hearings entered a decision on December 16, 2004.
 {¶ 3} After having been granted additional time, Brian filed objections to the magistrate's decision on January 7, 2005. Kelly filed her memorandum contra the objections on January 28, 2005. On February 1, 2005, the trial court overruled Brian's objections. A judgment and decree of divorce were entered on March 15, 2005. Brian filed a timely notice of appeal on March 18, 2005.
FIRST ASSIGNMENT OF ERROR
 {¶ 4} "THE COURT ABUSED ITS DISCRETION IN CHARACTERIZING BRIAN'S PERSONAL INJURY SETTLEMENT PROCEEDS AS MARITAL PROPERTY."
SECOND ASSIGNMENT OF ERROR
 {¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING, THAT THE INVESTMENT ACCOUNT IS MARITAL PROPERTY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
THIRD ASSIGNMENT OF ERROR
 {¶ 6} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN CALCULATING THE EQUITY IN THE RESIDENCE WITHOUT FIRST AWARDING BRIAN HIS SEPARATE PROPERTY."
FOURTH ASSIGNMENT OF ERROR
 {¶ 7} "THE COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FINDING THAT THE 1999 HONDA WAS MARITAL PROPERTY."
FIFTH ASSIGNMENT OF ERROR
 {¶ 8} "THE COURT ABUSED ITS DISCRETION BY FAILING TO ADJUST FOR EXPENSES OF HEALTH INSURANCE AND AUTOMOBILE INSURANCE."
SIXTH ASSIGNMENT OF ERROR
 {¶ 9} "THE COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FAILING TO EQUITABLY DIVIDE THE PARTIES PERSONAL PROPERTY."
SEVENTH ASSIGNMENT OF ERROR
 {¶ 10} "THE COURT ABUSED ITS DISCRETION BY SUMMARILY OVERRULING DEFENDANT-APPELLANT'S PENDING MOTION FOR SANCTIONS."
EIGHTH ASSIGNMENT OF ERROR
 {¶ 11} "THE COURT ABUSED ITS DISCRETION BY EXCLUDING EVIDENCE OF KELLY'S INFIDELITY DURING THE MARRIAGE."
 {¶ 12} In its decision of February 1, 2005, overruling Brian's objections to the magistrate's decision, the trial court stated: "No transcript has been provided to the Court regarding any of the hearing dates in this case." The Transcript of Docket and Journal Entries filed in this appeal by the clerk of the trial court reflects that no transcript of the proceedings before the magistrate had been filed when the court ruled on the objections. A transcript was filed in our appellate proceeding on April 19, 2005, one month after the notice of appeal from the final judgment and decree of divorce was filed. Manifestly, that transcript of the proceedings which led to the magistrate's decision was not before the trial court when it overruled Brian's objections.
 {¶ 13} We are precluded from considering the transcript that was filed in relation to the error assigned on appeal because the transcript was not before the trial court when it overruled Brian's objections to the magistrate's decision and subsequently entered the judgment and decree of divorce from which this appeal is taken. High v. High (1993), 89 Ohio App.3d 424. Indeed, by its express terms, Civ.R. 53 precludes our consideration of many of the errors Brian assigns.
 {¶ 14} Civ.R. 53(E)(3) governs a party's objections to a magistrate's decision and states, in pertinent part:
 {¶ 15} "(b) Form of objections. Objections shall be specific and state with particularity the grounds of objection.
 {¶ 16} "(c) Objections to magistrate's findings of fact. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available.
 {¶ 17} "(d) Waiver of right to assign adoption by court as error on appeal. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 18} Civ.R. 53(E)(3)(d) waives a party's right to assign as error on appeal the trial court's adoption of the magistrate's findings and conclusions when the party has not made a timely objection with respect to the matter concerned "under this rule." Civ.R. 53(E)(3)(c) provides that objections to a magistrate's finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to the finding. Together, the mandates which these provisions impose waive any error assigned on appeal with respect to the trial court's judgment overruling objections to the magistrate's decision when the objections were not supported by a transcript of the proceedings before the magistrate at which evidence relevant to the error assigned on appeal was introduced.
 {¶ 19} Our review of Defendant-Appellant's brief on appeal leads us to conclude that the errors which his first, second, third, fourth, and sixth assignments of error involve each implicates a finding of fact that the magistrate made. Lacking a transcript of the evidence before the magistrate relevant to these findings and the conclusions of law the magistrate made based on them, the trial court could properly reject Brian's objections to the magistrate's findings and conclusions as it did. Further, and for the same reason, Brian has waived the error in the trial court's rulings he presents in those assignments of error, which are therefore overruled.
 {¶ 20} In his fifth assignment of error, Brian argues that the trial court abused its discretion when it "failed to make any equitable adjustment" for Brian's expenditures for Kelly's health and automobile liability insurance coverages that Brian paid while the divorce action was pending. Brian does not explain what such an adjustment might be. Those expenditures were made during the marriage,[2] and the court is not required to compensate a contributing spouse for them when it enters its final decree. The fifth assignment of error is overruled.
 {¶ 21} In his seventh and eighth assignments of error, Brian argues that the magistrate abused his discretion in several of the procedural orders the magistrate made, and that the trial court abused its discretion when it overruled Brian's objections to those orders of the magistrate. Again, from the arguments Brian presents, those questions necessarily turn on evidence that was presented to the magistrate, a transcript of which was not before the trial court when it ruled on the objections. The error assigned on appeal is therefore waived, and the seventh and eighth assignments of error are overruled.
 {¶ 22} Having overruled the error assigned, we will affirm the judgment and decree of divorce from which the appeal was taken. Further, to the extent that it refers to the same assignments of error, the "Motion For Correction Or Modification of the Record" filed by Plaintiff-Appellee on July 15, 2005, is Granted.
Brogan, J. And Wolff, J., concur.
[1] For clarity and convenience, the parties are identified by their first names.
[2] Brian asserts that the parties stipulated that the marriage terminated prior to the final hearing. No such stipulation is portrayed by the record and the court did not so find.