[Cite as *Owensby v. Owensby*, 2023-Ohio-4824.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| DEBORAH D. OWENSBY (TISDALE) | : | |
| | : | |
| Appellant | : | C.A. No. 29815 |
| | : | |
| v. | : | Trial Court Case No. 2016 DR 00886 |
| | : | |
| DWANN L. OWENSBY SR. | : | (Appeal from Common Pleas Court-Domestic Relations) |
| | : | |
| Appellee | : | |
| | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on December 29, 2023

· · · · · · · · · · ·

DEBORAH D. OWENSBY (TISDALE), Appellant, Pro Se

DWANN L. OWENSBY, SR., Appellee, Pro Se

· · · · · · · · · · · ·

WELBAUM, P.J.

{¶ 1} Appellant, Deborah Owensby (Tisdale) ("Deborah") appeals from a judgment granting Appellee, Dwann Owensby ("Dwann") one of four tax exemptions for the parties' children. Deborah's brief failed to comply with any of the requirements in App.R. 16(A). However, she appears to assert that the trial court erred in granting one tax exemption to

Dwann, who is the child support obligor for the parties' four children.

**{¶ 2}** Deborah failed to file a transcript in the trial court when she objected to the magistrate's decision. The trial court, therefore, was limited to the facts in the decision. Our review is similarly limited in that we can only consider whether the trial correctly applied the law to the facts set forth in the magistrate's decision. For the reasons discussed below, we find that the trial court did not incorrectly apply the law. Accordingly, the judgment of the trial court will be affirmed.

## I. Facts and Course of Proceedings

**{¶ 3}** Deborah and Dwann were married in September 2010, and three children were born as their issue and acknowledged as such: D.O., D.L.O., and N.O. (born, respectively, in 2008, 2012, and 2013). In the March 2017 final judgment and decree of divorce, the court ordered that Deborah would be the residential parent and legal custodian of the children, Dwann would have reasonable parenting time, and Dwann would pay $155 per child per month as child support, plus a two-percent processing charge. An additional amount ($36.67) was added as cash medical support because private health insurance was not being provided at the time. The decree further stated that Deborah would be allowed to claim the three children as exemptions for purposes of federal and state taxes. Neither party appealed from the judgment.

**{¶ 4}** In February 2022, Deborah filed a motion seeking to change the parenting time, and a hearing was set for April 5, 2022. The Montgomery County Child Support Enforcement Agency ("SEA") then entered the action and filed a motion to establish and

modify existing child support. The reason was that another child (N.D.O.) had been conceived during the parties' marriage but had been born after the final divorce decree was filed. The court set a June 9, 2022 hearing on this motion.

{¶ 5} After Dwann failed to appear for the April 5, 2022 hearing, the court set a July 11, 2022 hearing on the matter of the allocation of parental rights and ordered the parties to appear. On April 26, 2022, the court also referred the case to the Family Relations Department to conduct a family investigation on parenting time.

{¶ 6} Subsequently, a magistrate filed a decision regarding the SEA's motion. The magistrate noted that both Deborah and Dwann had been served but had failed to appear at the June 9, 2022 hearing. Due to this fact, the magistrate concluded there was no legal or factual basis to establish child support for N.D.O. and dismissed the SEA's motion. Magistrate's Decision (June 15, 2022). No objections were filed, and the trial court adopted the decision on July 5, 2022.

{¶ 7} On August 16, 2022, the magistrate filed a decision regarding the motion to modify parenting time. Deborah had appeared for the July 16, 2022 hearing, but Dwann had not. The magistrate modified parenting time to allow Dwann increased parenting time, including from after school on Tuesday until Thursday morning, as well as every other weekend, all year round. All other parenting time was to remain as previously ordered. Neither party objected to the decision, and the trial court filed a judgment entry adopting the magistrate's decision on September 7, 2022.

{¶ 8} In the meantime, SEA had entered the action again and had filed another motion to establish and modify support; a hearing on this motion was set for January 12,

2023.   The hearing was then continued until March 9, 2023.   On March 29, 2023, the magistrate filed a decision regarding SEA's motion, which had been heard as scheduled. The SEA and both parents had been present at the hearing.

{¶ 9} At that time, the magistrate established child support for the child born after the marriage (designated in the decision as "NyO"), which resulted in a total child support obligation of $1,062.44 per month for the four children.   This was to be paid by Dwann and included child support, cash medical support, and a processing fee as found on the attached Child Support Computation Worksheet.   The magistrate also granted Dwann the tax exemption for NyO.   The other tax exemptions remained the same.   Magistrate's Decision (Mar. 29, 2023), p. 3-4.   Deborah filed an objection to the magistrate's decision on April 3, 2023.    On the same day, Deborah requested that a transcript of the March 9, 2023 support hearing be prepared.

{¶ 10} On May 19, 2023, the court filed a decision and judgment overruling Deborah's objection to the magistrate's decision.   The court noted that while Deborah had requested a hearing transcript, she had not provided a deposit as required.   As a result, no transcript was prepared.   Decision and Judgment (May 19, 2023), p. 1-2.

{¶ 11} The court further commented that nothing in the magistrate's decision reflected the information that Deborah had included in her objection, such as the fact that Deborah had been claiming NyO as a dependent on her tax returns and had been the primary caretaker.   *Id.* at p. 2.   Based on Deborah's objection to the tax exemption decision, the court concluded that the parties had not agreed on which parent should have the right to claim the child.   *Id.* at p. 3.   However, the court also noted the

magistrate's findings that: (1) Dwann's earnings included substantial overtime; (2) Dwann worked full-time, and Deborah worked part-time with no explanation as to why she could not work full-time; and (3) Dwann earned considerably more annually than Deborah, but she had the potential to be earning more. *Id.* The court then found, after considering the parties' financial circumstances and the other factors in R.C. 3119.82, that granting the tax exemption to Dwann was equitable and was in NyO's best interest. *Id.* at p. 4. The court, therefore, adopted the magistrate's decision and issued a final judgment.

{¶ 12} Deborah filed a pro se notice of appeal from the judgment on June 2, 2023. The March 9, 2023 hearing transcript was not filed in the trial court until August 2, 2023, which was obviously after the notice of appeal had been filed.

{¶ 13} On August 3, 2023, the clerk filed an App.R. 11(B) notification and informed the parties that the record was complete. We then filed a show cause order on August 29, 2023, requiring Deborah to either file a brief or show cause why the appeal should not be dismissed for lack of prosecution. As a result, Deborah filed a pro se brief on September 6, 2023. Subsequently, we issued another show cause order, this time to Dwann on October 3, 2023, because he had failed to file a brief. However Dwann did not respond to the show cause order or file a brief.

II. Discussion

{¶ 14} As a preliminary point, we note that Deborah's brief fails to comply in every way with App.R. 16(A), which specifies items that must be included in briefs, including (among other things) statements of the assignments of error, statements of the issues,

and argument directed to the assignments of error with citations to authorities and the record on which the appellant relies. Under App.R. 12(A)(2), "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." Thus, in the current situation, we may refuse to consider an appellant's assignments of error. *See Holfinger v. Stonespring/Carespring, L.L.C.*, 2d Dist. Montgomery No. 27091, 2016-Ohio-7982, ¶ 27-31 (declining to consider an issue because appellant failed to comply with the Ohio Appellate Rules).

{¶ 15} In *Holfinger*, we also stressed that "[p]ro se litigants 'are not to be accorded greater rights and must accept the results of their own mistakes and others.' " *Id.* at ¶ 21, quoting *Meyers v. First Natl. Bank of Cincinnati*, 3 Ohio App.3d 209, 210, 444 N.E.2d 412 (1st Dist.1981). Nonetheless, in the interests of justice, we have, at times, considered arguments pro se parties appear to have made. *E.g., Clements v. Brown*, 2d Dist. Montgomery No. 29311, 2022-Ohio-1959, ¶ 7.

{¶ 16} Deborah's brief appears to claim that the trial court erred in overruling her objection because: she has supported NyO and has claimed the tax exemption for NyO since birth; Dwann has not financially supported NyO during that time; Dwann was unemployed at some point during the litigation but apparently now is employed; and Dwann has not visited the children. None of these facts are mentioned in the magistrate's decision. The law is well established that "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and

then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus.

{¶ 17} An additional important factor is the lack of a transcript. Generally, a trial court's adoption of a magistrate's decision is reviewed for abuse of discretion. *Pacetti's Apothecary, Inc. v. Rebound Bracing & Pain Sols., LLC*, 2023-Ohio-93, 206 N.E.3d 61, ¶ 18 (2d Dist.). However, "[w]e cannot consider transcripts that were not before a trial court when it overruled a party's objections to a magistrate's decision." *Geter v. Geter*, 2022-Ohio-2804, 194 N.E.3d 825, ¶ 26 (2d Dist.), citing *Daniel v. Daniel*, 2d Dist. Miami No. 2005-CA-9, 2006-Ohio-411, ¶13. " 'On appeal of a judgment rendered without the benefit of a transcript or affidavit, an appellate court only considers whether the trial court correctly applied the law to the facts as set forth in the magistrate's decision.' " *Id.*, quoting *In re Estate of Lucas*, 2d Dist. Montgomery No. 23088, 2009-Ohio-6392, ¶ 32.

{¶ 18} As noted, all parties were present at the child support hearing. The magistrate's decision only discussed Dwann's admission that NyO was his child, and some financial factors like Deborah's receipt of SSI for one child and the parties' relative incomes and employment status, i.e., the hours they worked and amounts earned. Considering these factors, the magistrate ordered Dwann to pay child support as stated above. The magistrate also said that:

> The divorce decree allocated the three minor children as dependents
> to plaintiff. In light of defendant contributing two-thirds of the combined
> gross income used in calculating child support, it is found to be just,
> reasonable, and appropriate to allocate the youngest "after-born" child,

NyO, to defendant as a dependent for tax purposes.

Magistrate's Decision at p. 3.

**{¶ 19}** As indicated, on review, the trial court limited itself to the facts in the magistrate's decision. This was correct, as Civ.R. 53(D)(3)(b)(iii) specifically states: "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." In the absence of a transcript or affidavit, a trial court has nothing to consider other than the facts apparent in the magistrate's decision.

**{¶ 20}** Concerning the allocation of the tax exemption, the trial court relied on R.C. 3119.82. *See* Decision and Judgment at p. 4. This was also correct. R.C. 3119.82 requires designation of which parent may claim children as dependents for federal income tax purposes "whenever a court modifies, reviews, or otherwise reconsiders a court child support order, or upon the request of any party." This statute further provides that:

> If the parties do not agree, the court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the court determines that this furthers the best interest of the children and, with respect to orders the court modifies, reviews, or reconsiders, the payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents. In cases in which the parties do not agree which parent may claim the children as dependents, the court

shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children.

{¶ 21} We review decisions on tax exemptions for abuse of discretion. *Baker v. Baker*, 2013-Ohio-1816, 991 N.E.2d 717, ¶ 47 (2d Dist.). However, as noted, the analysis differs where no transcript was provided for the trial court to consider.

{¶ 22} When the trial court reviewed and adopted the magistrate's decision, the facts before it included the parties' relative income levels, which showed that Dwann's income was $53,144 annually. However, Dwann worked substantial overtime, which added $23,418 to his income in 2022. Decision and Judgment at p. 3. Deborah's income was $21,360, but she worked only 24 hours a week. *Id.* Both the magistrate's and trial court's decisions stressed that Deborah provided no reason why she could not work full time. Deborah also received tax exemptions for three children while leaving Dwann with one, while Dwann paid child support and his income significantly increased the gross combined income for purposes of calculating the support. Furthermore, the magistrate's decision noted that Dwann provided health insurance for the children and that Deborah was receiving SSI for one child. Magistrate's Decision at p. 2.

{¶ 23} The facts in the magistrate's decision (which we must credit) also lack any indication that Dwann was not substantially current with child support payments or that

he would not be eligible to take advantage of a tax exemption.

**{¶ 24}** While the trial court did not specifically discuss the net tax savings, the court stated that it had considered the factors in R.C. 3119.82, and there is no indication from the magistrate's decision that either side had presented additional evidence or argument on this point. *See Baker v. Baker*, 2013-Ohio-1816, 991 N.E.2d 717, ¶ 48 (2d Dist.) (finding no abuse of discretion in allocation of exemptions where parties submitted evidence only as to their gross income). *See also Dunn v. Dunn*, 2d Dist. Clark No. 2005-CA-104, 2006-Ohio-4649, ¶ 17 ("Although the trial court must consider 'any relevant factor' in making its determination, R .C. 3119.82 does not require the trial court to consider evidence that is not in the record before the court. In other words, a party cannot complain that the trial court erred in not considering a relevant factor when neither party offered admissible evidence relating to that factor"). Accordingly, the trial court did not incorrectly apply the law.

**{¶ 25}** The final point to consider is that Dwann failed to file a brief. In this regard, App.R. 18(C) provides that:

> If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.

**{¶ 26}** We cannot apply this rule on Deborah's behalf, because her brief does not reasonably appear to sustain reversal of the trial court's judgment.

**{¶ 27}** Based on the preceding discussion, Deborah's assignment of error about the tax exemption is without merit and is overruled.

### III. Conclusion

**{¶ 28}** Deborah's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J. and HUFFMAN, J., concur.