DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division.
 {¶ 2} Appellee, Joann S., filed a parentage action in the juvenile court on July 1, 2003. In her complaint she asked the court below to name appellant, Khalid R., the father of her son, Patrick, who was born on June 23, 1988. She also requested a child support *Page 2 
order commencing on the date of Patrick's birth, that appellant's name be placed upon Patrick's birth certificate, and for any sums incident to the birth of her son.
 {¶ 3} Appellant failed to appear at the first hearing on appellee's complaint; therefore, the magistrate entered a decision declaring appellant the father of Patrick and finding that he had a duty to support his child. Subsequently, the juvenile court judge adopted the magistrate's decision and continued this matter until September 23, 2004. On the date of the hearing, appellant's attorney filed a motion to withdraw because she was unable to contact appellant, who apparently had informed his brother that he "no longer wishes representation."
 {¶ 4} As a result of the September 23, 2004 hearing, the magistrate entered a decision ordering appellant to pay $1,268.16, plus the processing fee, per month, in child support, commencing on October 1, 2004. The magistrate further found that appellant owed appellee $76,090 in back child support and awarded appellee the tax exemption for her son. The trial court adopted the magistrate's decision on October 8, 2004. On that same date, appellant's attorney entered her "reappearance" on behalf of appellant and filed objections to the magistrate's decision. On November 19, 2004, the juvenile judge found appellant's objections well-taken, ordered that the magistrate's September 2004 decision be held in abeyance, and remanded this cause to the magistrate for further proceedings.
 {¶ 5} On May 10, 2005, the magistrate ordered appellant to submit to genetic testing. On July 27, 2005, the magistrate filed a decision finding that the results of the *Page 3 
genetic testing established that appellant was Patrick's father and setting a date for a hearing on the support issues raised in this cause. A hearing was held before the magistrate on September 16, 2005. The sole issue in this hearing was whether appellant was required to pay retroactive child support from the date of Patrick's birth. See R.C. 3113.13(F)(3)[1].
 {¶ 6} After a number of delays, the magistrate's decision was filed on March 17, 2006. The magistrate held:
 {¶ 7} "Despite the fact that much of [appellee's] testimony (based on the questions her attorney asked her) was irrelevant to the issues raised, the Court does believe her testimony that she told [appellant] in 1987 that she was pregnant with his child, that she showed him a picture of the ultrasound, and that she sent him a picture of *Page 4 
the baby. Therefore, the defendant is responsible for past child support, as well as current support."
 {¶ 8} The magistrate then scheduled this cause for further hearing on the question of the amount of retroactive support owed. Additionally, she ordered the parties to provide the court with copies of their income tax returns for the years 1988 through the year 2005.
 {¶ 9} On March 31, 2006, appellant filed objections to the magistrate's decision. The gist of appellant's first two objections challenged appellee's claims that she had notified appellant that she was pregnant with his child and that she sent him a photograph of Patrick after his birth. Appellant argued that this claim was belied by the fact that she required two other men to take genetic paternity tests. The third objection listed those portions of appellee's testimony that contradicted statements made by appellee concerning appellant's knowledge of the fact that he is Patrick's biological father. The fourth objection was to the magistrate's failure to award promised sanctions for costs (travel expenses and fees) against appellee's counsel incurred by appellant in traveling from Tennessee to Ohio for a hearing held in October 2005. Appellant also requested a transcript of the hearing. Nevertheless, such a transcript was never filed in the trial court.
 {¶ 10} On May 10, 2006, the trial court adopted the decision of the magistrate on the question of paternity and the support awards, continued this cause, and ordered a hearing to be held on the issue of the amount of retroactive child support owed by *Page 5 
appellant to appellee. On August 8, 2007, the magistrate filed a decision awarding appellee, inter alia, $69,626, in back child support to appellee. Appellant failed to file any objections to this decision. On October 5, 2007, the court entered a judgment adopting the magistrate's decision.
 {¶ 11} Appellant appeals the trial court's judgment and sets forth the following assignment of error:
 {¶ 12} "The trial court misapplied the law and abused its discretion by not correctly interpreting the facts in accordance with the provisions of ORC 3111.13(F)(3)(a) and (b) and by ordering Khalid R. to pay back child support in the amount of $69,626.00."
 {¶ 13} In her brief, appellee argues that, pursuant to Civ. R. 53(D)(3)(b) and Juv. R. 40, appellant's failure to file objections to the magistrate's August 8, 2007 decision precludes him from raising any issues resolved in the magistrate's March 17, 2006 decision, as well as the trial court's adoption of that decision.
 {¶ 14} Civ. R. 53(D)(3)(b) allows a party to file written objections to a magistrate's decision "within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen day period * * *." Civ. R. 53(D)(3)(b)(i). See, also, Juv. R. 40(D)(3)(b)(i). Here, appellant filed timely objections to the magistrate's March 17, 2006 decision finding that appellant was the father of Patrick and that he had knowledge of that fact as required by R.C. 3111.13(F)(3). Therefore, he was not required *Page 6 
to file these same objections to the magistrate's August 8, 2007 decision, which dealt only with the amount of retroactive child support owed.
 {¶ 15} Nevertheless, for the following reason, we cannot consider appellant's sole assignment of error. Civ. R. 53(D)(3)(b)(iii) provides that an objection to a factual finding, whether or not specifically designated as a finding of fact, shall be supported by a transcript or affidavit of the evidence submitted to the magistrate. See, also, Juv. R.(D)(3)(b)(iii). When no transcript or affidavit of evidence is provided, the trial court is required to accept the magistrate's findings of fact as true, and is permitted to examine only the legal conclusions based on those facts. Beaverson v. Beaverson, 6 Dist. No. WD-06-080, 2007-Ohio-3560, ¶ 3. See, also, Wade v. Wade (1996),113 Ohio App.3d 414, 418.
 {¶ 16} Moreover, we, as an appellate court, are precluded from considering such a transcript of a hearing when the trial court did not have the opportunity to review it before deciding whether to adopt the magistrate's decision. State ex rel. Duncan v. Chippewa Twp.Trustees, 73 Ohio St.3d 728, 730, 1995-Ohio-272; Baddour v. Rehab. Serv.Com'n, 10th Dist. No. 04AP-1090, 2005-Ohio-5698, ¶ 25 (citations omitted). Rather, our review is limited to a determination of whether the trial court's application of the law to its factual findings is an abuse of discretion. Moore v. Ohio Dept. of Rehab. and Corr., 10th Dist. No. 05AP-53, 2005-Ohio-3939, ¶ 12, citing State ex rel. Duncan v.Chippewa Twp. Trustees, 73 Ohio St.3d at 730. An abuse of discretion implies that in *Page 7 
reaching its decision, the trial court's attitude was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 17} In the case before us, appellant's objections[2] to the magistrate's March 17, 2006 decision involved factual findings with regard to appellee's testimony. Appellant never filed a transcript, as required by Civ. R. 53(D)(3)(b)(iii) and Juv. R. 40(D)(3)(b)(iii) in the trial court when he challenged those factual findings. He did, however, order and file a transcript of those proceedings in this appeal. Nonetheless, as stated, infra, because the juvenile court did not have the opportunity to review the transcript prior to rendering its judgment adopting the magistrate's decision, we are prohibited from considering the transcript of the hearings before the magistrate filed in this appeal. Therefore, upon a careful review of the remaining record in this cause, we must conclude that the trial court's attitude in applying the facts of this case to the law was not arbitrary, unreasonable, or unconscionable. Appellant's sole assignment of error is found not well-taken.
 {¶ 18} The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., Concur.
[1] R.C. 3111.13(F)(3) provides:
"(a) A court shall not require a parent to pay an amount for that parent's failure to support a child prior to the date that the court issues an order requiring a parent to pay an amount for current support pf the child * * * if both of the following apply:
"(i) At the time of the initial filing of an action to determine the existence of a parent and child relationship with respect to that parent, the child was over three years of age,
"(ii) Prior to the initial filing of an action to determine the existence of a parent and child relationship with respect to that parent, the alleged father had no knowledge and had no reason to have knowledge of his alleged paternity of the child."
"(B) For the purposes of division (F)(4)(a)(ii) of this section, the mother of the child may establish that the alleged father knew or should have known the paternity of the child by showing, by a preponderance of the evidence, that she had performed a reasonable and documented effort to contact and notify the alleged father of his paternity of the child."
[2] The sole exception involves the magistrate's alleged failure to impose sanctions on appellee's attorney. This issue is not, however, raised on appeal. *Page 1