[Cite as *State v. Calicoat*, 2017-Ohio-23.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee                 :       C.A. CASE NO. 27090
                                       :
v.                                     :       T.C. NO. CRB1502509
                                       :
KEITH B. CALICOAT                      :       (Criminal appeal from
                                       :        Municipal Court)
    Defendant-Appellant                :
                                       :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___6th___ day of _____January_____, 2017.

. . . . . . . . . .

JOE CLOUD, Atty. Reg. No. 0040301, 245 James E. Bohanan Memorial Drive, Vandalia, Ohio 45377
    Attorney for Plaintiff-Appellee

KEITH B. CALICOAT, 266 Skyview Drive, Vandalia, Ohio 45377
    Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, P.J.

{¶ 1}  This matter is before the Court on the pro se Notice of Appeal of Keith B. Calicoat, filed April 21, 2016.  Calicoat appeals from the April 7, 2016 decision of the Vandalia Municipal Court overruling Calicoat's objection to the Magistrate's decision finding Calicoat guilty of violating §1280.06(2) of the Codified Ordinances of the City of

Vandalia, which prohibits the parking of commercial vehicles in residential districts. We hereby affirm the judgment of the municipal court.

{¶ 2} Calicoat was charged by way of Complaint on November 18, 2015. The Complaint provides: "Owner failed to remove over-height commercial vehicle in a residential district, violating City Code Section 1280.06(a)." The matter was set for trial on December 29, 2015, and it was continued on Calicoat's motion. Calicoat signed a "Waiver of Time" on December 28, 2015. Trial was re-scheduled for January 28, 2016.

{¶ 3} On January 25, 2016, Calicoat filed a "Countersuit," which provides that "City Code Section 1280.06 is onerous, over-restrictive and is not in the best interest of the neighborhood."

{¶ 4} On January 29, 2016, the court issued an "Order and Entry" that provides that at "the conclusion of the testimony, this Court provided Defendant with ten (10) days to file a Brief in support of his position, including proposed findings of fact. The State has ten (10) days from the date of filing of Defendant's brief to file a response on behalf of the Plaintiff."

{¶ 5} On March 7, 2016 the "Magistrate's Decision" was issued. The Magistrate noted that Calicoat did not file a post-trial brief. The decision provides in part, "Any request for transcript shall be filed in writing with the objections and pursuant to Local Rule 9.01.[1] * * * The objections shall state that a transcript of the proceedings has been ordered."

---

[1] "Upon filing an Objection with a request for a transcript, an estimate shall be provided and a deposit shall be paid prior to the preparation of the transcript. The party requesting the transcript shall have two weeks from the date of the estimate to pay the deposit required. Failure to pay the required deposit within the time allotted will result in a waiver of the request and the Court will proceed accordingly without a transcript. The party requesting the transcript shall be notified upon completion of the transcript and the final costs must be paid in full at that time or the transcript will not be released."

**{¶ 6}** The decision further provides as follows:

It is the determination of the Court that the Plaintiff has sustained its burden of proof in this matter that Defendant violated § 1280.06(2) of the Codified Ordinances of the City of Vandalia, Ohio beyond a reasonable doubt. It is the further determinate [sic] of the Court that Defendant be fined $150.00 with $100.00 of that fine stayed on the condition that the Defendant have no further convictions under §1280.06(a) for a period of two (2) years, plus costs.

**{¶ 7}** On March 21, 2016, Calicoat filed an "Appeal Magistrate's Decision." Therein he asserted that "the Plaintiff did not sustain its burden of proof in this matter." The "Appeal" provides that Calicoat "objects to the conclusion of law in this matter that the Defendant was not parking a commercial vehicle in a residential area in violation of § 1280.06(2)." (sic).

**{¶ 8}** On April 1, 2016, the State responded to Calicoat's "Appeal" as follows:

At trial, the State presented two witnesses from the City of Vandalia. Kip Millikin testified that the truck exceeded the requirements of the Ordinance for parking in a residential area, in that it measures 9.5 feet tall. Both City employees testified that they personally witnessed the defendant's truck parked in his driveway at 266 Skyview Drive on multiple occasions, in violation of Section 1280.06 of the Ordinances of the City of Vandalia. The State offered pictures of the multiple violations which occurred on 11-4-2015, 11-18-2015, 12-7-2015, 12-30-2015 and 1-25-2016. The pictures were taken by the City employees.

The State offered testimony as to the notice given to the defendant of the violations and of the City's frequent efforts to work with the defendant to rectify the problem.

The defendant did not deny that his truck was parked in his driveway in violation of the city ordinance on the established dates.

The State more than met the burden of proof that the defendant violated Section 1280.06 of the Vandalia City Ordinances and the Court rightfully concluded that the defendant was guilty.

**{¶ 9}** In its "Final Decision and Judgment Entry," rendered April 7, 2016 the municipal court concluded as follows:

* * * Pursuant to Traf.R. 14 and Crim.R. 19, objections were timely filed by the Defendant. Defendant did not request a transcript of the trial proceedings. This Court has conducted an independent review of the Magistrate's Decision, the Defendant's "Appeal Magistrate's Decision", and the State's Response to Defendant's Objections to Magistrate's Decision along with the Exhibits presented at trial.

Defendant objects to the finding of fact and conclusion of law and states the Plaintiff did not sustain its burden of proof in this matter that the Defendant was parking a commercial vehicle in a residential area in violation of §1280.06(2) of the Codified Ordinances of the City of Vandalia, Ohio.

This Court having reviewed all of the filings herein finds that the State has met its burden of proof in this matter, there is no error of law or other

defect in the Magistrate's Decision and that there are sufficient facts in the evidence to support same. Accordingly, those findings are adopted herein. This Court finds the Defendant's objections to be not well-taken and they are OVERRULED.

ACCORDINGLY, it is HEREBY ORDERED, ADJUDGED and DECREED that Defendant is found GUILTY of a violation of §1280.06(2) of the Codified Ordinances of the City of Vandalia, Ohio. Defendant is fined $150.00 with $100.00 of that fine stayed on the condition that the Defendant have no further convictions under §1280.06(a) for a period of two (2) years, plus costs.

{¶ 10} Thereafter, on April 25, 2016, Calicoat filed a "Request for Transcript." The copy of the transcript in our appellate file provides that it was filed in the municipal court on May 31, 2016[2] and herein on June 2, 2016.

{¶ 11} Traf.R. 14 governs Magistrates and provides that "[p]roceedings before the magistrate shall be conducted as provided in Criminal Rule 19." Crim.R. 19(D)(3)(b) provides in part:

(iii) Objection to Magistrate's Factual Finding; Transcript or Affidavit. An objection to a factual finding, whether or not specifically designated as a finding of fact under Crim. R. 19(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing

---

[2] Well after the trial court adopted the Magistrate's decision on April 7, 2016.

the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

(iv) Waiver of Right to Assign Adoption by Court as Error on Appeal. Except for a claim of plain error, a party shall not assign on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Crim. R. 19(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Crim. R. 19(D)(3)(b).

{¶ 12} As we have previously noted, "[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." *Yocum v. Means*, 2d Dist. Darke No. 1576, 2002–Ohio–3803, ¶ 20. We initially note, as the State asserts, that Calicoat's brief fails to comply with App.R. 16, in part because he does not set forth a specific assignment of error for review. Calicoat asserts in his brief in part as follows:

In summary, the City of Vandalia City has not met the burden of proof that Keith Calicoat violated Section 1280.06 of the Vandalia City Ordinances. The City of Vandalia allows other vehicles parked in residential areas for reasons of contradiction to the reason as not to allow a commercial vehicle in a residential area and that the ordinance is unfair

and overly restrictive, that it should be held unconstitutional and not in the best interest of the neighborhood.

**{¶ 13}** Calicoat failed to file a written request for a transcript with his objections and indicate that a transcript of the proceedings before the Magistrate had been ordered. Since the transcript in our appellate file was not before the trial court judge when ruling upon objections, we are precluded from considering it. *Daniel v. Daniel,* 2d Dist. Miami No. 2005CA9, 2006-Ohio-411, ¶ 13. "On appeal of a judgment rendered without the benefit of a transcript or affidavit, an appellate court only considers whether the trial court correctly applied the law to the facts as set forth in the magistrate's decision. (Citation omitted)." *In re Estate of Lucas*, 2d Dist. Montgomery No. 23088, 2009-Ohio-6392, ¶ 32.

**{¶ 14}** Vandalia Codified Ordinance § 1280.06 provides: "(a) No person shall store or park a commercial vehicle, including but not limited to; agricultural tractors, commercial tractors, motor buses, or semi-trailers or recreational vehicle, including but not limited to; all-terrain vehicles, campers, motor homes, truck campers, watercraft, utility trailers, or any trailer, with or without motive power in an Residential District." The Magistrate determined that "the Plaintiff has sustained its burden of proof in this matter," and we have no basis to conclude that the trial court incorrectly applied the law to the facts herein. Finally, Calicoat failed to raise his constitutional challenge to the ordinance in objecting to the Magistrate's decision (nor was such an argument properly raised in Calicoat's "Countersuit" in this matter), and he is precluded from raising it for the first time on appeal.

**{¶ 15}** Having overruled Calicoat's arguments, the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies mailed to:

Joe Cloud
Keith B. Calicoat
Hon. Cynthia M. Heck