[Cite as *State v. Kepler*, 2024-Ohio-2283.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No.  OT-23-037 |
| Appellee | Trial Court No.  TRD02300677 |
| v. | |
| Thomas J. Kepler | **DECISION AND JUDGMENT** |
| Appellant | Decided:  June 13, 2024 |

* * * * *

Samantha A. Nash, for appellee

Erik J. Wineland, for appellant.

* * * * *

**MAYLE, J.**

**{¶ 1}** Appellant, Thomas Kepler, appeals the September 25, 2023 judgment of the
Ottawa County Municipal Court sentencing him for a speeding conviction.  For the
following reasons, we affirm.

**I.  Background and Facts**

**{¶ 2}** In February 2023, Kepler received a traffic citation for speeding in violation
of village of Clay Center Ord. 333.03(B).  The ticket indicates that Kepler was driving
108 m.p.h. in a 55-m.p.h. zone, which was "[o]ver limits" and "[u]nsafe for conditions."
The officer who pulled Kepler over marked the check boxes for "[r]adar" and

"[s]tationary," and noted that this was Kepler's "2nd offense for speeds double legal limit[.]" The ticket, which was issued at 9:47 p.m., also indicates that Kepler was on a rural, two-lane road, traffic was light, it was nighttime, it was raining, the pavement was wet, and a crash was not involved.

{¶ 3} In July 2023, Kepler pleaded no contest to speeding, and a magistrate found him guilty. According to one of the magistrate's decisions filed that day (captioned "MAGISTRATE'S DECISION/RECOMMENDATION / JOURNAL ENTRY"), the complaint was amended to "4511.21[,] 79 in 55 zone[,]" Kepler pleaded no contest and consented to a finding of guilt, and the magistrate found him guilty. According to the other magistrate's decision filed that day (captioned "MAGISTRATE'S DECISION/RECOMMENDATION / JUDGMENT ENTRY, CONVICTION AND SENTENCE"), Kepler was found guilty of "speed in violation of Sec. 4511.21[,] 79 in 55 zone[.]" The magistrate also wrote that Kepler was "found reckless pursuant to 4510.55 [sic] based on speed[.]"[1] The magistrate recommended a sentence of a $150 fine, costs, and a one-year license suspension.

{¶ 4} Kepler filed timely objections to the magistrate's recommendation, claiming that the magistrate found him "guilty of reckless operation[,]" which was "a charge that the police did not even put on the ticket[,]" and the magistrate's imposition of a one-year license suspension was "a sentence beyond the sanctions available to the Court for a

---

[1] The magistrate's citation to "4510.55"—which is not a statute—appears to be a clerical error.

simple speeding charge." Kepler's objections are underdeveloped; the "memorandum" portion is less than a page long, he did not cite any cases or statutes (including the statutes he was convicted under) to support his arguments, and he did not file a transcript or a request for a transcript with his objections or at any time before filing his appeal.[2]

{¶ 5} Thirty-one days later, the trial court denied Kepler's objections. The court found that, although he "request[ed] the Court to review the evidence and decision of the Magistrate, . . ." Kepler "fail[ed] to comply with the express provision of Crim. R 19 (D)(3)(b)(iii) . . . [,]" which requires that the party objecting to a magistrate's factual finding file "a transcript of all the evidence submitted to the magistrate relevant to that finding . . ." within 30 days of filing objections. After reviewing the file and the magistrate's decision, the court independently determined that there were "no errors of law or other defects on the face of . . ." the magistrate's decision and adopted the decision.

{¶ 6} In its sentencing entry, the trial court imposed, as recommended by the magistrate, a one-year license suspension based on a finding of recklessness under R.C. 4510.15, a fine, and costs.

---

[2] Kepler notes in his brief that "[t]ranscripts have been an issue in this matter." Although he details the convoluted process he went through to get a transcript for this appeal, it appears that all of his efforts started after he filed his notice of appeal, and he does not allege that the procedural difficulties prevented him from filing a transcript with his objections.

**{¶ 7}** Kepler now appeals, raising three assignments of error:

1. The trial court erred in finding that Kepler was Reckless in accordance with R.C. § 4510.15 based on speed alone.

2. The trial court erred in finding that that Kepler was Reckless based on his driving record.

3. The trial court erred in finding that Kepler was reckless in accordance with R.C. § 4510.15 using a speed listed on the traffic ticket and not the speed within the amended motion.

## II.  Law and Analysis

### A.  Our review of Kepler's appeal is limited.

**{¶ 8}** Before we can reach the substance of Kepler's appeal, we must devote some attention to the procedural defects that limit our review of his assignments of error.

**{¶ 9}** First, our review is limited to plain error because Kepler's objections did not comply with the specificity and particularity requirements of Crim.R. 19(D)(3)(b)(ii). Magistrates are permitted to hear traffic cases, and Crim.R. 19 controls those proceedings.  Traf.R. 14.  Under the procedures in Crim.R. 19, unless a party objects to a magistrate's factual findings or legal conclusions as required by Crim.R. 19(D)(3)(b), the party cannot assign the trial court's adoption of those findings or conclusions as error on appeal, "[e]xcept for a claim of plain error . . . ."  Crim.R. 19(D)(3)(b)(iv).  Subsection (D)(3)(b)(ii) requires that "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection."  Conclusory statements without factual

or legal support do not meet the specificity and particularity requirements of Crim.R. 19(D)(3)(b)(ii).  *State v. Perkins*, 2018-Ohio-2240, ¶ 7 (9th Dist.); *see also Jackson v. Jackson*, 2010-Ohio-3531, ¶ 25 (6th Dist.) (Objections lodged under identical provisions of Civ.R. 53 "must contain legal and factual support.").  "'A party's failure to object in accordance with Crim.R. 19 results in a forfeiture.'"  *State v. Scott*, 2022-Ohio-2071, ¶ 16 (6th Dist.), quoting *State v. Bardwell-Patino*, 2021-Ohio-2048, ¶ 31 (9th Dist.).

{¶ 10} In this case, Kepler raised two objections in the trial court:  (1) the magistrate found him guilty of a crime he was not charged with and (2) the magistrate imposed a license suspension based on his conviction of the uncharged crime.  These claims are conclusory and include almost no factual or legal support—for example, Kepler devoted less than one typed page to his objections, did not cite any statutes or cases (even the statute he thought he was wrongly convicted under), and did not give the trial court a transcript—so they do not meet the specificity and particularity requirements of Crim.R. 19(D)(3)(b)(ii).  *Perkins* at ¶ 7; *Jackson* at ¶ 25.  Because Kepler's objections do not meet the standards in Crim.R. 19, he has forfeited all but plain-error review on appeal.[3]

---

[3] An appellate court is not required to consider—at all—an assignment of error that raises issues not included in the objections to the trial court.  *State ex rel. Food and Water Watch v. State*, 2018-Ohio-555, ¶ 15-16 (refusing to consider appellant's arguments, based on identical provisions in Civ.R. 53, because appellant did not raise the arguments in its objections); *Slough v. Slough*, 2009-Ohio-1746, ¶ 26 (6th Dist.) (same).  Kepler's objections are tangentially related to the issues he raises on appeal, so we will review his assignments of error for plain error rather than disregard them entirely.

**{¶ 11}** Second, we are unable to consider the transcript of the hearing before the magistrate because Kepler did not file the transcript with the trial court. When the objecting party does not give the trial court a transcript, the appellate court cannot consider the transcript. *State v. Calicoat*, 2017-Ohio-23, ¶ 13 (2d Dist.); *see also Joann S. v. Khalid R.*, 2008-Ohio-5801, ¶ 16 (6th Dist.), citing *State ex rel. Duncan v. Chippewa Twp. Trustees,* 73 Ohio St.3d 728, 730 (1995) (reaching the same conclusion under identical provisions of Civ.R. 53 and Juv.R. 40). Usually, this would limit us to determining whether the trial court abused its discretion in applying the law to the facts. *Joann S.* at ¶ 16. But in this case, Kepler forfeited the errors he raises on appeal by improperly objecting in the trial court, so we cannot do more than review for plain error. Crim.R. 19(D)(3)(b)(iv); *see also A.A. v. F.A.*, 2019-Ohio-1706, ¶ 21 (5th Dist.) (under identical provisions of Civ.R. 53, appellate court found that it could only review trial court's adoption of magistrate's decision for plain error because appellant did not properly object in the trial court).

**B. The trial court's finding under R.C. 4510.15 was not plainly erroneous.**

**{¶ 12}** Turning to Kepler's assignments of error, he raises three issues with the trial court's decision: (1) the court erred by finding that "speed alone" was sufficient to show recklessness under R.C. 4510.15, (2) the court should not have relied on his driving record to find recklessness, and (3) the court erred by using the speed on the traffic ticket (rather than the speed in the amended complaint) to find recklessness. Based on the

limited information within the scope of our review, we find that the trial court did not commit plain error by finding that Kepler was reckless.

{¶ 13} Ordinarily, we review misdemeanor sentences (including license suspensions) for abuse of discretion. *State v. Heidelberg*, 2019-Ohio-2257, ¶ 23 (6th Dist.). However, as discussed, Kepler has forfeited all but plain-error review because he did not properly object to the magistrate's decision. Plain error is an error that affects an appellant's substantial rights. Crim.R. 52(B). Plain error should be found "only in exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Hill*, 92 Ohio St.3d 191, 203(2001), citing *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶ 14} Under R.C. 4510.15, "in addition to or independent of all other penalties provided by law, . . ." a trial court can suspend a traffic offender's license when that person is found guilty of violating any law or ordinance "relating to reckless operation" of a motor vehicle. The court is not required to convict a driver of reckless operation in violation of R.C. 4511.20 to impose a license suspension under R.C. 4510.15, and a speeding violation under R.C. 4511.21 can "relat[e] to reckless operation." *State v. Boafor*, 2013-Ohio-4255, ¶ 14 (7th Dist.); *see also Columbus v. Tyson*, 19 Ohio App.3d 224, 226 (10th Dist. 1983) (Finding that the phrase "relating to reckless operation," as used in R.C. 4507.34 (the version of R.C. 4510.15 in effect until 2004), "demonstrates the General Assembly's intent to give the trial court authority to invoke [the statute] when a defendant is guilty of something less than recklessness, as defined in R.C. 2901.22, and

when a defendant has been found guilty of violating laws and ordinances other than R.C. 4511.20 (reckless operation)."). Determining whether a driver's conduct was reckless requires the court to look at both the driving at issue and all the surrounding circumstances. *State v. Gant*, 2013-Ohio-516, ¶ 6 (6th Dist.), citing *State v. Hartman,* 41 Ohio App.3d 142, 144, fn. 3 (12th Dist. 1987).

{¶ 15} Here, there is limited information about Kepler's driving and the surrounding circumstances that is properly before us. Although Kepler points to several facts that he believes the magistrate improperly considered, nearly all of that information comes from the transcript, which we cannot consider. *Calicoat*, 2017-Ohio-23, at ¶ 13 (2d Dist.); *Joann S.*, 2008-Ohio-5801, at ¶ 16 (6th Dist.). From the two magistrate's decisions we know that (1) the original charge against Kepler was amended to a speeding violation under R.C. 4511.21 for "79 in 55 zone[;]" (2) Kepler pleaded no contest and consented to a finding of guilt; (3) the magistrate found Kepler guilty of speeding in violation of R.C. 4511.21 for "79 in 55 zone[;]" and (4) the magistrate found that Kepler was reckless under R.C. 4510.15 "based on speed[.]" As Kepler acknowledges in his brief, by pleading no contest, he admitted to the truth of the facts in the traffic ticket (with the exception of the 108 m.p.h. speed), which indicates that Kepler was speeding in the rain on a wet, dark, rural two-lane road with light traffic. *See* Traf.R. 10(B)(2) ("The plea of no contest . . . is an admission of the truth of the facts alleged in the complaint . . . .").

{¶ 16} With that in mind, we turn to Kepler's assignments of error. First, contrary to Kepler's argument in his first assignment of error, the record shows that there were

circumstances surrounding his speeding citation—beyond how fast he was driving—that support the trial court's recklessness finding. In addition to exceeding the speed limit by 24 m.p.h. (according to the amended complaint), Kepler was driving on a wet, two-lane road, in the rain, at night, and around some number of other drivers (as indicated by the officer marking the box for "[l]ight" traffic as opposed to the box for "[n]one"). The trial court did not lose its way or create a manifest miscarriage of justice by finding that Kepler's driving related to reckless operation under these circumstances. *See, e.g., State v. Castagnola*, 2015-Ohio-4752, ¶ 21-22 (5th Dist.) (affirming license suspension when appellant was driving 27 m.p.h. over the speed limit very early in the morning, in a dark area, around another vehicle, and while attempting to pass someone); *compare State v. Duff*, 2016-Ohio-2786, ¶ 19 (5th Dist.) (appellant's speed of 110 m.p.h. in a 70-m.p.h. zone was "in excess of fifty percent of the posted speed limit . . ." and "grossly excessive[,]" which supported the license suspension, despite the dry road, clear conditions, and lack of traffic). Thus, we find no plain error, and Kepler's first assignment of error is not well-taken.

{¶ 17} Regarding the arguments in Kepler's second and third assignments of error, there is no evidence in the parts of the record properly before us that the magistrate or trial court based their findings of recklessness on either Kepler's driving record or the speed originally charged in the traffic ticket. None of the decisions or judgment entries in the record refers to the "Driver Record History" that was filed with the trial court at the same time as the traffic ticket or the originally charged speed of 108 m.p.h. Because

there is nothing showing that the magistrate or trial court considered improper information, we find no plain error. Consequently, Kepler's second and third assignments of error are not well-taken.

### III. Conclusion

{¶ 18} For the foregoing reasons, the September 25, 2023 judgment of the Ottawa County Municipal Court is affirmed. Kepler is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Christine E. Mayle, J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.