[Cite as *Univ. Hts. v. Rosskamm*, 2024-Ohio-5806.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| UNIVERSITY HEIGHTS, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 113538 |
| v. | : | |
| AHARON YECHIEL ROSSKAMM, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 12, 2024

Criminal Appeal from the Shaker Heights Municipal Court
Case No. 23TRD02600

### *Appearances:*

Michael Cicero, Prosecuting Attorney, City of University Heights; Nicola, Gudbranson & Cooper, LLC, and John B. Moenk, *for appellee*.

Aharon Yechiel Rosskamm, *pro se*.

LISA B. FORBES, P.J.:

{¶ 1} Aharon Yechiel Rosskamm ("Rosskamm") appeals his convictions for three traffic law violations. After reviewing the facts of the case and pertinent law, we affirm the convictions.

## I.    Facts and Procedural History

{¶ 2}    On May 25, 2023, a University Heights police officer issued citations to Rosskamm for speeding, disobeying a traffic-control signal, and operating vehicle at stop and yield sign, in violation of University Heights Cod.Ords. 434.03B, 414.03, and 432.18 respectively.  Pursuant to University Heights Cod.Ord. 408.02, each of these offenses is a second-degree misdemeanor.

{¶ 3}    The May 25, 2023 citation included a summons ordering Rosskamm to appear in court for an arraignment hearing on June 14, 2023.  Rosskamm failed to appear.  After the June 14, 2023 arraignment hearing, a second summons was issued on July 7, 2023, setting a new arraignment hearing on July 26, 2023.  On July 20, 2023, Rosskamm entered a not-guilty plea and refused to waive his right to a speedy trial.

{¶ 4}    On September 27, 2023, the case proceeded to a bench trial in front of a magistrate, with Rosskamm proceeding pro se.  The magistrate heard testimony from the arresting officer, reviewed exhibits, and watched body-camera footage.

{¶ 5}    After the city presented its case in chief, in his closing argument, Rosskamm made an oral motion to dismiss his case, arguing the case had not been brought timely in violation of his speedy-trial rights under R.C. 2945.71(B)(2), which requires that misdemeanor cases to be brought to trial within 90 days after the person's arrest or service of the summons.  By Rosskamm's calculations, from summons to trial, 125 days had elapsed.  Rosskamm made a second oral motion to dismiss, arguing the traffic stop in this case was improper.

**{¶ 6}** The magistrate found that these issues should have been raised in pretrial motions, not in closing arguments, and specifically denied the motion to dismiss for speedy-trial violation.

**{¶ 7}** After hearing all the evidence, the magistrate found Rosskamm guilty of all three charges. The court then proceeded to sentence Rosskamm, fining him $47 for speeding, $45 for violating the traffic-control signal, and $45 for the stop-sign violation, plus court costs. On September 27, 2023, the magistrate issued a journal entry memorializing the findings of guilt and fines.

**{¶ 8}** On September 28, 2023, the magistrate issued a supplemental decision, making detailed findings of facts and conclusions of law, including a speedy-trial calculation. The magistrate concluded the case was timely tried because it was brought to trial within 88 days from when Rosskamm was summoned.

**{¶ 9}** On October 6, 2023, the trial court issued a single-sentence journal entry stating, "Magistrate's decision is hereby adopted."

**{¶ 10}** Rosskamm filed his initial notice of appeal with this court on October 26, 2023. This court sua sponte dismissed the appeal for lack of a final appealable order.

**{¶ 11}** On October 30, 2023, the trial court issued a journal entry in an effort to cure the lack of a final appealable order. Rosskamm filed another timely notice of appeal on November 28, 2023, appealing the trial court's October 30, 2023 journal entry.

**{¶ 12}** On May 29, 2024, this court found that the trial court's journal entry still did not constitute a final appealable order. This court dismissed the case, noting that if Rosskamm was able to obtain a final appealable order within 45 days of the dismissal, he could file a motion to reinstate the appeal with a delayed motion for reconsideration.

**{¶ 13}** On June 11, 2024, the trial court issued a nunc pro tunc entry, replacing its October 30, 2023 journal entry, finding:

> Therefore, the Court enters sentences [sic] Defendant as follows:
>
> The Court finds Defendant **GUILTY** of violation of University Heights Cod. Ord. 414.03, as charged in the complaint and summons, and imposes a fine of $45.00.
>
> The Court finds Defendant **GUILTY** of violation of University Heights Cod. Ord. 432.18, as charged in the complaint and summons, and imposes a fine of $45.00.
>
> The Court finds Defendant **GUILTY** of violation of University Heights Cod. Ord. 434.03B, as charged in the complaint and summons, and imposes a fine of $47.00.

(Emphasis in original.)

**{¶ 14}** On June 20, 2024, Rosskamm filed a delayed motion for reconsideration and on June 21, 2024, this court granted the motion, vacated the dismissal, and reinstated the appeal.

**{¶ 15}** Rosskamm raises two assignments of error for our review:

> 1. The trial magistrate (whose opinion was later adopted by the court) erred in determining that this case was brought before the end of the ninety-day limit for speedy trial.

2. The trial magistrate (whose opinion was later adopted by the court) erred in not allowing the Defendant to bring up motions to dismiss the case due to the illegal actions the officer took to make the traffic stop.

## II. Law and Argument

{¶ 16} At the outset, we recognize that Rosskamm has been proceeding pro se, without the advice of a licensed attorney. However, "[u]nder Ohio law, pro se litigants are held to the same standard as all other litigants." *Bikkani v. Lee*, 2008-Ohio-3130, ¶ 29 (8th Dist.), citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 (8th Dist. 1996).

{¶ 17} "'It is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.'" (Emphasis in original.) *State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 10, citing *State ex rel. Fuller v. Mengel*, 2003-Ohio-6448, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist. 2001).

### A. Failure to Object to Magistrate's Decision

{¶ 18} "Magistrates are permitted to hear traffic cases, and Crim.R. 19 controls those proceedings." *State v. Kepler*, 2024-Ohio-2283, ¶ 9 (6th Dist.); s*ee also* Traf.R. 14(C) (providing that traffic proceedings held before a magistrate shall be conducted in accordance with Crim.R. 19). Once a magistrate issues his or her decision, any party may object to the magistrate's decision. *State v. McMahon*, 2023-Ohio-4532, ¶ 8 (8th Dist.), citing *Strongsville v. Henry*, 2023-Ohio-1891, ¶ 32

(8th Dist.); Crim.R. 19(D)(3)(a) and (b).  Objections must be filed within 14 days of the filing of the magistrate's decision.  *Id.*, Crim.R. 19(D)(3)(b)(i).

{¶ 19} The magistrate's decision must

> indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Crim.R. 19(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Crim.R. 19(D)(3)(b).

Crim.R. 19(D)(3)(a)(iii).

{¶ 20} Pursuant to Crim.R. 19(D)(3)(b)(iv), a party forfeits appellate review of an issue, except for a claim of plain error, unless the party timely files objections to the magistrate's decision as to that issue.  Crim.R. 19(D)(3)(b)(iv); *Henry* at ¶ 36 (8th Dist.).  Here, the magistrate's decision included the warning required by Crim.R. 19(D)(3)(a)(iii).  Nonetheless, Rosskamm did not object to the magistrate's decision.  Consequently, he waived all but plain error on appeal.

{¶ 21} To demonstrate plain error under Crim.R. 52(B), the party asserting error must show that an error occurred, that the error was plain, and that the error affected his substantial rights.  *State v. Bond*, 2022-Ohio-4150, ¶ 17, citing *State v. Wilks*, 2018-Ohio-1562, ¶ 52; *see* Crim.R. 52(B).  Here, Rosskamm failed to demonstrate an error occurred.

**B. Speedy Trial**

{¶ 22} In his first assignment of error, Rosskamm argues his speedy-trial rights were violated because the court took longer than 90 days to try his case and that the trial court erred by incorrectly calculating the number of speedy trial days

that passed after the service of summons. "R.C. 2945.71(B) provides that a person charged with a first-degree misdemeanor shall be brought to trial within 90 days after the person's arrest or the service of summons." *Euclid v. Amiott*, 2024-Ohio-1583, ¶ 12 (8th Dist.). Time begins to run the day after the arrest or service of summons is issued, but the date of arrest is not counted when calculating speedy-trial time. *Westlake v. Collins*, 2019-Ohio-453, ¶ 16 (8th Dist.).

{¶ 23} We review the trial court's decision for plain error and find no plain error was presented here. The magistrate found that 88 days had passed between the service of the summons and the commencement of trial. The summons was served on Rosskamm on May 25, 2023. Rosskamm was scheduled to be arraigned on June 14, 2023, but he failed to appear. Rosskamm entered a not-guilty plea on July 20, 2023. Rosskamm was brought to trial on September 27, 2023.

{¶ 24} Defendant's failure to appear for his hearing tolls the speedy-trial calculation. *State v. Winn*, 2012-Ohio-5888, ¶ 30 (8th Dist.) (Defendant failed to appear for pretrial which tolled the speedy trial calculation by two days for his non-appearance.), citing R.C. 2945.72(D). The magistrate determined, and the trial court agreed, that the time tolled from June 14, 2023 (Rosskamm's first scheduled arraignment at which he did not appear) until July 20, 2023 (the day that Rosskamm entered a plea of not guilty). From the day after the summons was issued to the day he entered a guilty plea, 19 days passed and from his not-guilty plea to trial 69 days elapsed, so that Rosskamm was brought to trial within 88 days, which is within the 90-day requirement.

{¶ 25} Rosskamm argues on appeal that because he unsuccessfully attempted to enter a not-guilty plea prior to the June 14, 2023 arraignment date, no time should toll. We disagree. Because Rosskamm failed to object to the magistrate's decision, we consider only plain error here and find that Rosskamm failed to demonstrate any error, much less plain error.

{¶ 26} Rosskamm's first assignment of error is overruled.

## C. Allegedly Illegal Stop

{¶ 27} Rosskamm argues that his traffic stop was illegal in his second assignment of error. Rosskamm highlights that the officer, after witnessing him speeding, not fully stopping at a stop sign, and failing to fully stop at a red light, took four minutes to pull him over.

{¶ 28} "A stop may be justified as a noninvestigatory traffic stop wherein the police officer witnesses a violation of the traffic code, which is proper where the officer has probable cause to believe a traffic offense has occurred or was occurring." *State v. Uyi Okundaye*, 2010-Ohio-6363, ¶ 15 (8th Dist.), citing *Whren v. United States*, 517 U.S. 806 (1996). Here, the officer testified at trial that he witnessed Rosskamm traveling above the posted speed and that he witnessed Rosskamm fail to stop fully at a stop sign and at a red light. Therefore, we find Rosskamm has not demonstrated any error in connection with the traffic stop, much less plain error.

{¶ 29} Rosskamm's second assignment of error is overruled.

{¶ 30} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Shaker Heights Municipal Court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

MARY J. BOYLE, J., and
SEAN C. GALLAGHER, J., CONCUR